Filed 7/25/14 (unmodified opn. attached)

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C073731 |
| Plaintiff and Respondent, | (Super. Ct. No. 94F05502) |
| v. | ORDER MODIFYING OPINION |
| KENNETH ELDER, | [NO CHANGE IN JUDGMENT] |
| Defendant and Appellant. | |

THE COURT:

It is ordered that the opinion certified for publication and filed herein on July 15, 2014, be modified as follows:

On page 2, footnote 2, delete the parenthetical following the first sentence and replace it with the following parenthetical:

(*People v. Yearwood* (2013) 213 Cal.App.4th 161, 168 (*Yearwood*) [no retroactive effect]; *People v. Conley* (2013) 215 Cal.App.4th 1482, review granted Aug. 14, 2013, S211275 [presenting issue of retroactivity].)

(<em><strong>SEE CONCURRING &<br>DISSENTING OPINION</strong></em>)

On page 4, footnote 6, delete the entire footnote and replace it with the following new footnote 6:

*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1030-1032 (petn. for review denied July 9, 2014, S218183) (*Osuna*) is in agreement: "The two are not the same."

On page 6, footnote 7, delete the last sentence of the footnote, which begins with "*People v. Blakely*", and ends with "are not yet final." and replace it with the following:

*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1052-1053 (petn. for review denied July 9, 2014, S218914) (*Blakely*) and *Osuna*, *supra*, 225 Cal.App.4th at page 1029 are also in accord.

On page 7, footnote 8, delete the entire footnote and replace it with the following new footnote 8:

Again, *Blakely* and *Osuna* make the same points as *White* with respect to rejecting a requirement of pleading and proof. (*Blakely*, *supra*, 225 Cal.App.4th at pp. 1058-1059 & *Osuna*, *supra*, 225 Cal.App.4th at p. 1033; see fn. 7, *ante*, at p. 6.)

On page 8, second full paragraph, penultimate line, delete the word "see" before "*Blakely*, *supra*, 225 Cal.App.4th at p. 1060 & *Osuna*," so the parenthetical will read as follows:

(Accord, *Kaulick*, *supra*, 215 Cal.App.4th at pp. 1304-1305, citing *Dillon v. United States* (2010) 560 U.S. 817, 828-829 [177 L.Ed.2d 271]; *Blakely*, *supra*, 225 Cal.App.4th at p. 1060 & *Osuna*, *supra*, 225 Cal.App.4th at pp. 1039-1040 [both citing *Kaulick*].)

On page 2 of the concurring and dissenting opinion, delete the entirety of footnote 1 and replace it with the following new footnote 1:

There is presently a debate whether the accurate determination that a petition is *facially* insufficient under section 1170.126 is appealable and therefore subject to summary dismissal without consideration of the merits of the appeal, which is pending in the California Supreme Court (*People v. Wortham* (2013) 220 Cal.App.4th 1018, review

granted Jan. 15, 2014, S214844; *People v. Leggett* (2013) 219 Cal.App.4th 846, review granted Dec. 18, 2013, S214264; *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017; *People v. Haynes* (2014) 225 Cal.App.4th 997, review granted July 9, 2014, S218982).

There is no change in judgment.

BY THE COURT:

           HULL           , Acting P. J.

           ROBIE          , J.

Filed 7/15/14 (unmodified opn.)

**CERTIFIED FOR PUBLICATION**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C073731 |
| Plaintiff and Respondent, | (Super. Ct. No. 94F05502) |
| v. | |
| KENNETH ELDER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Sacramento County, Laurie M. Earl, Judge. Order affirmed; alternately, appeal treated as petition for a writ of habeas corpus and denied.

George Bond and John Hargreaves, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Kari Ricci Mueller, Deputy Attorneys General, for Plaintiff and Respondent.

1                                    (*SEE CONCURRING &*
                                       *DISSENTING OPINION*)

In December 2012, defendant Kenneth Elder filed what he titled a petition for a writ of habeas corpus (though invoking Pen. Code, § 1170.126)[1] seeking to recall his 1995 indeterminate life sentence. The statute, enacted pursuant to a November 2012 initiative measure, provides retrospective relief under narrow criteria from indeterminate life sentences imposed for recidivism. Defendant alleged that his commitment offense— unlawful possession (as a convicted felon) of a gun—was not a "serious" or violent felony and did not otherwise come within any exception to section 1170.126, and therefore he was entitled to be *considered* for resentencing to a determinate sentence of double the term that would otherwise apply to his offense (which is what a court would impose under the prospective amendments to the recidivist sentencing statutes enacted as part of the same initiative). (§ 1170.126, subd. (f); see § 667, subd. (e)(1).)

Treating the filing as a recall petition under the statute,[2] the present trial court (Hon. Laurie M. Earl)[3] denied the petition without a hearing, finding defendant did not qualify for relief. Relying on the facts in our decision on appeal from defendant's original sentence (*People v. Elder* (Feb. 3, 1997, C020780) [nonpub. opn.]), the trial court found that during the commission of the commitment offense defendant was armed with a gun and thus his commitment offense was ineligible for resentencing (§ 1170.126, subd. (e)(2), cross-referencing § 667, subd. (e)(2)(C)(iii)).

---

[1] Undesignated statutory references are to the Penal Code.

[2] As defendant pursued relief from a final conviction pursuant to section 1170.126, we do not need to address the contretemps regarding whether a defendant whose sentence is not yet final on appeal is entitled to application of the revised sentencing provisions without filing a petition for recall pursuant to section 1170.126. (Compare *People v. Yearwood* (2013) 213 Cal.App.4th 161, 168 (*Yearwood*) [no] with *People v. Contreras* (2013) 221 Cal.App.4th 558 [yes], review granted Jan. 29, 2014, S215516.)

[3] The original sentencing judge (Hon. John V. Stroud (Ret.)) was no longer available. (§ 1170.126, subds. (b), (j).)

Contending this ruling was an order after judgment affecting his substantial rights (§ 1237, subd. (b)), defendant filed an appeal.[4]  As defendant's commitment offense was not *facially* ineligible for resentencing, we have jurisdiction on appeal at least to determine whether the denial affected his substantial rights.  He argues that as a matter of statutory interpretation he *cannot* be armed while committing the crime of unlawful possession of a gun; alternately, he argues that the prosecution had to plead and prove this circumstance in the proceedings underlying his commitment offense.  Disagreeing with both claims, we find the trial court properly concluded that defendant was ineligible for resentencing.  Assuming that denial of his petition is appealable even if it did *not* affect his substantial rights, this court will affirm the order.  (Alternately, this court will treat the appeal as a petition for a writ of habeas corpus and deny it.)

There are only a limited number of relevant background facts beyond those stated in the introduction.  We will incorporate them in the Discussion rather than set them out separately.

## DISCUSSION

### I.  For Purposes of Section 1170.126, Unlawful Possession of a Firearm Can Constitute Being Armed During an Offense

As cross-referenced in section 1170.126, subdivision (e)(2), a commitment offense is ineligible for recall of sentence if "[d]*uring* [*its*] *commission* . . . , the defendant used a firearm, *was armed with a firearm* or deadly weapon, or intended to cause great bodily injury to another person."  (§ 667, subd. (e)(2)(C)(iii), italics added.)  The parties have not suggested that we should interpret "armed" any differently in this context than its

---

[4]  Defendant filed a motion to take judicial notice of the record in his prior appeal; we granted the motion, though we construe it as one to incorporate the record by reference in the present proceedings.

interpretation for purposes of the firearm enhancement in section 12022:[5] A defendant is armed if the gun has a facilitative nexus with the underlying offense (i.e., it *serves* some purpose in connection with it); however, this requires only that the defendant is aware during the commission of the offense of the nearby presence of a gun *available* for use offensively or defensively, the presence of which is not a matter of happenstance. This does not require any *intent* to use the gun for this purpose. (*People v. Pitto* (2008) 43 Cal.4th 228, 239-240.)

With section 12022 as his springboard, defendant launches into a survey of cases applying the armed enhancement (that we do not need to recapitulate) in support of the unremarkable point that an enhancement of necessity does not have any independent existence and must as a result be tied to an underlying offense (*People v. Izaguirre* (2007) 42 Cal.4th 126, 134; *People v. Wims* (1995) 10 Cal.4th 293, 304), concluding on this basis that ineligibility for resentencing for being "armed" therefore must require something beyond the substantive offense of possession itself. The illogic of this line of reasoning rests on its conflating the *criterial definition* of an ineligible *offense* (being armed during the commission of such offense) with the derivative nature of the armed *enhancement* (which requires being armed *in* the commission of an offense).[6] Our task instead is to divine whether possessing a gun can constitute being armed with the gun during the possession.

Neither we nor the parties have identified any authority in which the prohibition in the arming enhancement on its use with offenses that have arming as an element arose

---

[5] The statute prescribes a one-year enhancement for "a person who is armed with a firearm *in the commission* of a felony . . . unless the arming is an element of that offense." (§ 12022, subd. (a)(1), italics added.)

[6] *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1030-1032 (petn. for review filed May 28, 2014, S218183) (*Osuna*) makes the same point ("The two are not the same."). As the case is not yet final, we do not rely on it.

4

in the context of an underlying conviction for unlawful gun possession; perhaps the point has seemed self-evident to prosecutors. However, our own research has identified *People v. Cooper* (1967) 256 Cal.App.2d 500, which concluded that an analogous statute imposing a minimum indeterminate term for a defendant armed during the commission of an offense (former § 3024, as amended by 2 Stats. 1957, ch. 1617, § 3, pp. 2964-2965) cannot augment the penalty otherwise provided for a conviction for being a felon in possession of a firearm, because "an *integral part* of [former] section 12021 is *being armed* with a deadly weapon." (*Cooper*, *supra*, at p. 505, italics added.)

Of some probative value on this issue is the somewhat analogous principle (not considered in the briefing) in the context of section 654 that, while applied in a collection of permutations of facts and sentences, unvaryingly finds that a felon's possession of a gun at the instant of committing an offense (if no evidence of antecedent or subsequent possession) is the *same act* that underlies various gun enhancements, and cannot be the subject of additional punishment. (*People v. Ratcliff* (1990) 223 Cal.App.3d 1401, 1412.)

Obliquely invoking the interpretive principle that we cannot presume a drafter intended absurd results (*In re D.B.* (2014) 58 Cal.4th 941, 945-946), defendant argues in his reply brief that such an interpretation would render ineligible any defendant who "step[ped] near a firearm," and the drafters could not have intended that "every prisoner convicted of gun possession would be categorically excluded from resentencing." This rhetorical hyperbole does not withstand analysis. A conviction for possession of a gun must be based on intentional actual or constructive possession of the gun (*People v. Sifuentes* (2011) 195 Cal.App.4th 1410, 1417 & fn. 3), not merely walking nearby (*id*. at p. 1417). Moreover, although we will not hazard a definitive effort to parse the sheep from the goats (see *Cummings v. Future Nissan* (2005) 128 Cal.App.4th 321, 328), not *every* commitment offense for unlawful possession of a gun *necessarily* involves being armed with the gun, if the gun is not otherwise available for immediate use in connection

5

with its possession, e.g., where it is under a defendant's dominion and control in a location not readily accessible to him at the time of its discovery.  In any event, the electorate's concern was with conserving the public fisc while making sure that *dangerous* felons did not benefit from any of the amendments and remained sequestered. (*Yearwood*, *supra*, 213 Cal.App.4th at p. 170.)  While, as defendant asserts, possession of a gun of itself is not criminal, a *felon's* possession of a gun is not a crime that is merely *malum prohibitum*.  As we stated nearly 20 years ago, "public policy generally abhors even momentary possession of guns by convicted felons who, the Legislature has found, are more likely to misuse them."  (*People v. Pepper* (1996) 41 Cal.App.4th 1029, 1037-1038.)  Therefore, even if the great majority of commitments for unlawful gun possession come within our interpretation of this eligibility criterion, it would not run afoul of the voters' intent.[7]

## II.  Circumstances Rendering a Commitment Offense Ineligible Are Not Subject to Pleading and Proof

Under the 2012 amendments, a third qualifying felony conviction is prospectively subject to a minimum indeterminate life sentence of 25 years only where a prosecutor pleads and proves that the prior convictions were for serious or violent felonies, and that a commitment offense is either a serious or violent felony, or otherwise comes within one of four qualifying classes of offenses.  (§ 667, subd. (e)(2)(C).)  On the other hand, the

---

[7] We note the recently decided *People v. White* (2014) 223 Cal.App.4th 512, 519, review denied April 30, 2014, S217030 (*White*) also finds unlawful gun possession can be an ineligible commitment offense (via a different route of analysis based on the arguments in that case), and also makes the point that if constructive possession was the basis for the prior conviction, not every conviction for possession will establish that a defendant was armed (although the defendant at issue had been carrying the gun and thus indisputably was armed) (*White*, at pp. 524-525).  *People v. Blakely* (2014) 225 Cal.App.4th 1042, 1052-1053 (petn. for review filed May 30, 2014, S218914) (*Blakely*) and *Osuna*, *supra*, 225 Cal.App.4th at page 1029 are also in accord, but we do not rely on them because they are not yet final.

retrospective relief under section 1170.126 is conditioned upon an *eligible* commitment offense, which "*the* [*trial*] *court* shall determine" on "receiving a petition for recall of sentence under this section." (§ 1170.126, subd. (f), italics added.) In rejecting an interpretation that a defendant becomes presumptively entitled to resentencing absent proof of dangerousness beyond a reasonable doubt, *People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279 (*Kaulick*) notes it is determinative that the drafters omitted any requirement for the pleading and proof of dangerousness in the latter statute. (*Id.* at p. 1303, fn. 26; see also *id.* at pp. 1298-1299, fn. 21 [dictum; "[b]y its terms" § 1170.126 does not require pleading and proof of circumstances rendering commitment offense ineligible]; accord, *White*, *supra*, 223 Cal.App.4th at p. 527.) Therefore, section 1170.126 does not of itself support defendant's claim that his ineligibility was subject to pleading and proof in the proceedings underlying the commitment offense of his being armed.

Defendant asserts section 1170.126 is "subject" to the requirement of pleading and proof in section 667. However, the former statute cross-references only "the *offenses appearing in*" (§ 1170.126, subd. (e)(2), italics added) the four *subdivisions* of section 667, subdivision (e)(2)(C), and *not* the text preceding them that specifies the procedural prerequisite of pleading and proof. (*White*, *supra*, 223 Cal.App.4th at pp. 526-527.)[8]

Since we do not find anything ambiguous about the lack of a requirement for pleading and proof of ineligibility, defendant's invocation of the "rule of lenity" does not have any relevance. In any event, the lenity rule is limited to situations in which intrinsic or extrinsic evidence of the Legislature's intent results in reasonable interpretations that

---

**8**  Again, *Blakely* and *Osuna* make the same points as *White* with respect to rejecting a requirement of pleading and proof, but we do not rely on them because they are not yet final. (*Blakely*, *supra*, 225 Cal.App.4th at pp. 1058-1059 & *Osuna*, *supra*, 225 Cal.App.4th at p. 1033; see fn. 7, *ante*, at p. 6.)

stand in equipoise. (*People v. McCoy* (2012) 208 Cal.App.4th 1333, 1339, fn. 6.) Such circumstance does not exist in this context.

It is also irrelevant that it is for a trier of fact (and not the trial court) to sustain a gun *enhancement*. We are not concerned here with an enhancement but with a criterion for mitigation of sentence.

For the same reason, defendant's reliance on the principle in the line of cases that include *Blakely v. Washington* (2004) 542 U.S. 296 [159 L.Ed.2d 403] is misplaced. As we noted in *People v. Benitez* (2005) 127 Cal.App.4th 1274, 1277-1278, under these cases any fact increasing punishment beyond the statutory maximum authorized on facts necessarily found in a jury's verdict must itself be the subject of a jury finding, but this does not apply to facts rendering a defendant ineligible for mitigation of a punishment that the facts underlying the verdict otherwise authorize. (Accord, *Kaulick*, *supra*, 215 Cal.App.4th at pp. 1304-1305, citing *Dillon v. United States* (2010) 560 U.S. 817, 828-829 [177 L.Ed.2d 271]; see *Blakely*, *supra*, 225 Cal.App.4th at p. 1060 & *Osuna*, *supra*, 225 Cal.App.4th at pp. 1039-1040 [both citing *Kaulick*].)[9]

Finally, defendant suggests it is improper to allow a trial court to find a defendant ineligible on the basis of facts in the underlying proceeding that the parties did not have any incentive to litigate at the time, in the absence of a pleading and proof requirement.

---

[9] Defendant contends for the first time in his reply brief that *Pepper v. United States* (2011) 562 U.S. ___ [179 L.Ed.2d 196, 214] has declared this exception for mitigation of punishment does not apply to " 'plenary resentencing proceedings,' " a category in which he contends section 1170.126 belongs. He does not give any good cause for failing to cite this existing authority in his opening brief. This forfeits plenary consideration of it. (*Sourcecorp, Inc. v. Shill* (2012) 206 Cal.App.4th 1054, 1061, fn. 7; *People v. Baniqued* (2000) 85 Cal.App.4th 13, 29.) We accordingly confine ourselves to observing that *Pepper* itself twice refers to its application to the situation of a remand for "resentencing after a sentence has been set aside on appeal." (*Pepper*, *supra*, at p. ___ [179 L.Ed.2d at pp. 213-214].) That is not the context of a petition to recall a sentence.

But that ship sailed long ago when our Supreme Court abandoned an approach of considering only the least adjudicated elements of a prior conviction and endorsed consideration of the entire record of the conviction. (*People v. Guerrero* (1988) 44 Cal.3d 343, 345, 348, 355, overruling *People v. Alfaro* (1986) 42 Cal.3d 627; accord, *People v. Myers* (1993) 5 Cal.4th 1193, 1201 [applying rule to prior out-of-state felony convictions].) Indeed, *People v. Woodell* (1998) 17 Cal.4th 448 (*Woodell*) to a certain extent refutes defendant's exact contention. It notes that an appellate opinion might not be an entirely accurate reflection of the facts in the record because some of the facts might not have been of importance to the author on issues pertinent to the appeal. However, that *"some* opinions might not be probative on a given question is [not a] reason to exclude *all* opinions," particularly because a defendant is able to raise issues of material factual omissions or misstatements in an appellate opinion. (*Woodell*, at p. 457; cf. *People v. Garcia* (2002) 97 Cal.App.4th 847, 854-855 [may petition for rehearing on this basis, thus use of memorandum decision not improper]; Cal. Rules of Court, rule 8.500(c)(2) [failure to petition for rehearing on this basis generally forfeits factual challenges in petition for review].) As with plea agreements that become part of the record of conviction, "both parties . . . are expected to pay careful attention . . . . *The possibility of future consequences, including the application of habitual offender statutes*, further necessitates [that] the parties ensure the record accurately reflects the factual basis for the plea. Therefore . . . , a defendant would normally and reasonably be expected to object to . . . the factual recital if [it] did not accurately reflect the circumstances of the offense . . . ." (*People v. Sample* (2011) 200 Cal.App.4th 1253, 1265, italics added.) In any event, when pressed at oral argument, defendant was unable to identify facts that might be pertinent to being armed that would not otherwise arise in litigating the issue of possession, nor can we discern any.

### III. The Record of the Prior Conviction Supports
### the Finding of Ineligibility

We come to the gist of the case. The trial court, apparently on its own motion, cited from our summary of the evidence in defendant's direct appeal from his conviction for his commitment offense.[10] We had noted that in the course of executing a search warrant on a Wednesday in June 1994 for an apartment, the members of a multiagency task force found defendant outside the front door. He admitted living there. Among the occupants was defendant's young child. Inside the apartment was a loaded gun on a shelf of an entertainment center. Another gun was in an unlocked safe in a bedroom. Police also found a photograph of defendant (on film manufactured in March 1994) holding a gun identical in appearance to the gun on the entertainment center shelf. At trial, defendant contended the guns belonged to another occupant of the apartment (whom he later married), and that he was actually only a weekend visitor in general to her apartment rather than another occupant. (*People v. Elder*, *supra*, C020780, slip opn. at pp. 2-3 & fn. 2.)[11] The present trial court concluded this established beyond a reasonable doubt that defendant either actually possessed the guns or had at least joint dominion and control over them, under conditions in which the guns were readily available for his use. Therefore, his commitment offense involved being armed during the commission of unlawful gun possession as a felon, and was not an eligible offense for resentencing.

Other than citing to the reporter's transcript of his trial for testimony in support of his defense and for a couple of quotes from closing argument—none of which adds to or detracts from the summary in the opinion—defendant does not address whether this is a

---

[10] It is not clear whether the trial court admitted it as an exhibit or took judicial notice.

[11] We also note that the opinion later cites evidence (in refuting a claim of insufficient evidence) that the owners referred to defendant as their tenant, who paid the rent and negotiated with them about improvements. (*People v. Elder*, *supra*, C020780, slip opn. at pp. 1, 18-19.)

10

sufficient basis for a finding of ineligibility. Thus, he does not contend our summary of the evidence in the official transcript of the trial was inaccurate (and in any event our docket does not indicate he either petitioned for rehearing or review on this basis, despite having raised sufficiency of the evidence as an issue on appeal). The facts relevant to the claim of insufficiency of the evidence of possession are coextensive with those establishing whether or not he was armed with the guns. In these circumstances, the recitation of these facts in the opinion on defendant's direct appeal are probative of the facts underlying the conviction. (*Woodell*, *supra*, 17 Cal.4th at pp. 460, 461.) The trial court thus properly found defendant ineligible for resentencing.

## DISPOSITION

We assume the order is appealable, regardless of defendant's eligibility for resentencing, and affirm it. (Alternately, we treat the appeal as a petition for a writ of habeas corpus and deny the petition.) (***CERTIFIED FOR PUBLICATION***)


        BUTZ        , J.


We concur:


    HULL      , Acting P. J.


    ROBIE      , J.


11

BUTZ, J., Concurring and Dissenting.

"Naturally, I concur in the majority opinion I have prepared for the court" (*People v. Jones* (1998) 17 Cal.4th 279, 319 (conc. opn. of Mosk, J.)); "[o]bviously, I concur fully in the majority opinion I have authored" (*Cowan v. Superior Court* (1996) 14 Cal.4th 367, 378 (conc. opn. of Chin, J.)).

I write separately to explain my disagreement with the chosen disposition that my colleagues favor.  Upon determining on the merits that a defendant is not eligible for relief under section 1170.126, the proper disposition should be to dismiss the matter because denial of the petition accordingly did not affect any substantial right of the defendant.

### *Defendant's Appeal Must be Dismissed*

Section 1237 authorizes an appeal from any order made after judgment "affecting the substantial rights of the party."  (§ 1237, subd. (b).)  Therefore, an untimely motion to recall a sentence under the general provision (§ 1170, subd. (d)(1)) is not appealable because a trial court has no jurisdiction to entertain such a motion in the first place, and its denial of the motion accordingly could not affect a substantial right of the defendant. (*People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208.)  Similarly, a petition for a writ of coram nobis that is facially insufficient does not vest a trial court with jurisdiction to grant relief; the denial of such a deficient petition as a result cannot affect the petitioner's substantial rights, and the order is not appealable.  (*People v. Thornton* (1965) 233 Cal.App.2d 1, 2.)

As we have concluded above, section 1170.126 confers the right to file a recall petition *only* on those who are *not* presently serving an indeterminate term of life imprisonment for a commitment conviction during the commission of which they were

1

armed with a gun.  (§§ 1170.126, subd. (e)(2), 667, subd. (e)(2)(C)(iii).)  The trial court does not have jurisdiction otherwise to entertain a petition.[1]

Whether or not we summarily dismiss an appeal at the outset without an opinion, however, has no bearing on our disposition of an appeal *after* taking its merits under consideration.  As in the analogous circumstance of determining whether a claim of instructional error raised initially on appeal affected the substantial rights of a defendant (§ 1259; *People v. Andersen* (1994) 26 Cal.App.4th 1241, 1249 [must initially determine if instructional error prejudicial, which then allows consideration of merits and reversal of conviction]), we have at least the appellate jurisdiction to ascertain whether the trial court properly denied a recall petition under section 1170.126 in order to determine whether the denial affected a defendant's substantial rights.  Another analogous circumstance arises where either a trial court has improvidently issued a certificate of probable cause for a noncognizable issue or a defendant has appealed what is in fact an issue requiring a certificate of probable cause; an appellate court addresses the merits of whether the issue requires a certificate, and then dismisses the appeal rather than affirms the judgment.  (*People v. Mendez* (1999) 19 Cal.4th 1084, 1099-1100 (*Mendez*); *People v. Panizzon* (1996) 13 Cal.4th 68, 89 [both dismissing appeal for failure to comply with

---

[1] There is presently a debate whether the accurate determination that a petition is *facially* insufficient under section 1170.126 is appealable and therefore subject to summary dismissal without consideration of the merits of the appeal (*People v. Wortham* (2013) 220 Cal.App.4th 1018 [appealable, but affirms because commitment offense is serious felony], review granted Jan. 15, 2014, S214844; *People v. Leggett* (2013) 219 Cal.App.4th 846 [nonappealable where petition on face demonstrates commitment offense is for serious felony; appeal dismissed], review granted Dec. 18, 2013, S214264; *Teal v. Superior Court* (2013) 217 Cal.App.4th 308 [nonappealable; treating appeal as petition for writ of habeas corpus, denying relief after determining that prior conviction rendered defendant ineligible under § 1170.126, subd. (e)(3)], review granted July 31, 2013, S211708; *People v. Hurtado* (2013) 216 Cal.App.4th 941 [appealable, but affirms because commitment offense was serious felony], review granted July 31, 2013, S212017).

2

§ 1237.5 *after* determining that challenge to negotiated sentence is in fact a challenge to the plea]; *People v Hernandez* (1992) 6 Cal.App.4th 1355, 1361 [dismissal of appeal after determining on merits that trial court erroneously issued certificate].)

Yet in the context of section 1170.126, the "crowdsourced" approach to this issue of substantial rights/appealability in the published, formerly published, and nonpublished cases is in accordance with that my colleagues embrace:  the assumption that the denial of a petition is appealable regardless of a defendant's eligibility, or the declaration that the appeal should be deemed a petition for a writ of habeas corpus.  At the risk of taking on the role of a Victorian governess harrumphing over the enforcement of standards, I must take issue with this disregard of the fundamental principles of appellate jurisdiction.

Driving this approach seems to be a concern that defendants are entitled to an accurate determination of their eligibility.  But declaring the denial of a petition after review of the merits to be a nonappealable order subject to dismissal does not preclude relief for such defendants.  Under the celebrated jurisdictional truism, an appellate court *always* has jurisdiction to determine its appellate jurisdiction.  (*Rescue Army v. Municipal Court* (1946) 28 Cal.2d 460, 464 [cited in *People v. Zarazua* (2009) 179 Cal.App.4th 1054, 1062]; *Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 302.)  As this principle is explained, "[A] tribunal has *the duty*, and therefore the . . . power (jurisdiction), to decide in the first instance whether it has jurisdiction of the subject matter . . . .  This process may involve *the determination of jurisdictional questions of law*." (2 Witkin, Cal. Procedure (5th ed. 2008) Jurisdiction, § 339, p. 963, italics added (Witkin).)  Thus, except in the presumably narrow class of cases in which a trial court accurately determines that a petition on its face renders a defendant ineligible, we will always have jurisdiction to consider whether the law and facts properly support the denial of the petition.

3

Nor is it improper to issue an opinion after concluding we do not have jurisdiction over the appeal. While "the [appellate] court *should always dismiss an appeal from a nonappealable order, on its own motion*, without determining the merits, for lack of appellate jurisdiction . . . it does not *always* do so. *Sometimes the court first determines the merits in an advisory opinion* [*as*] *a precedent, then dismisses the appeal*." (9 Witkin, *supra*, Appeal, § 87, p. 147, italics added; *id*. at § 345, p. 396 [as matter of *policy*, it has become an established practice to offer advisory opinion on important matter "where the appeal itself was improperly taken and is dismissed, but the reviewing court, lacking appellate jurisdiction to decide the merits of the particular proceeding, nevertheless renders what is in effect an advisory opinion *to serve as a precedent*" (italics added)].)

Both of the crowdsourced solutions have been severely criticized in the past. In the context of section 1237.5, the Supreme Court has condemned as lax the practice of entertaining appeals without certificates to further "judicial economy" in order to forestall petitions for writs of habeas corpus, declaring that this does *not* further judicial economy of the appellate system *as a whole*, which as a result is asked to review nonappealable orders and judgments. (*Mendez*, *supra*, 19 Cal.4th at pp. 1097-1098.) And Witkin gives a lengthy criticism of courts that "assume" jurisdiction without resolving the issue. (9 Witkin, *supra*, Appeal, § 87, p. 148.) As for treating the appeal as a writ petition, this runs afoul of the risk of creating the same dysfunction in the system as a whole, because *every* litigant with a nonappealable order can make such a request. For this reason, a court should undertake this fiction only under a *compelling* showing of *exceptional* circumstances. (9 Witkin, *supra*, § 130, pp. 200-202 [to engage in the fiction " 'would obliterate the bright line and encourage parties *to* [*appeal knowingly*] *from nonappealable orders*' " (quoting *Mid-Wilshire Associates v. O'Leary* (1992) 7 Cal.App.4th 1450, 1456, italics added)]; accord, *San Joaquin County Dept. of Child Support Services v. Winn* (2008) 163 Cal.App.4th 296, 300-301 [noting need for unusual circumstances, and a need

4

to provide guidance on issue of general importance; " 'Routine granting of requests to treat improper appeals as writs where there are no exigent reasons for doing so would only encourage parties to burden appellate courts' "].)

Our opinion having resolved adversely to defendant the statutory interpretation issue that possession of a gun includes being armed with a gun, and the legal issue of the proper scope of the record of conviction, defendant was ineligible for resentencing on the facts present in his record of conviction, and the denial of his petition could not as a result have affected his substantial rights. As in *People v. Turrin*, *supra*, 176 Cal.App.4th 1200, our selection of disposition here should be dismissal of the appeal. (***CERTIFIED FOR PUBLICATION***)

　　　　　　　BUTZ　　　　　, J.