Filed 12/14/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H040102 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS100891A) |
| v. | |
| WILLIAM LEONARD BURNES, JR., | |
| Defendant and Appellant. | |

**STATEMENT OF THE CASE**

On April 23, 2010, the Monterey County District Attorney filed an information charging defendant William Leonard Burnes, Jr. with the following crimes: possession of a firearm by a felon (former Pen. Code, § 12021, subd. (a)(1); count 1), evading a peace officer (Veh. Code, § 2800.2, subd. (a); count 2), possession of ammunition by a prohibited person (former Pen. Code, § 12316, subd. (b)(1); count 3), possession of a deadly weapon (former Pen. Code, § 12020, subd. (a)(1); count 4 [identifying metal knuckles as the deadly weapon]), possession of burglary tools (Pen. Code, § 466; count 5), driving under the influence of alcohol or drugs (Veh. Code, § 23152, subd. (a); count 6), driving with a blood alcohol content of .08% or more (Veh. Code, § 23152, subd. (b); count 7), resisting a public officer (Pen. Code, § 148, subd. (a)(1); count 8), intercepting and divulging police radio communication (Pen. Code, § 636.5; count 9), hit and run driving resulting in property damage (Veh. Code, § 20002, subd. (a); count 10), possession of a hypodermic needle or syringe (former Bus. & Prof. Code, § 4140; count

11), and driving with a suspended license (Veh. Code, § 14601.2, subd. (a); count 12). The information alleged two prior strike convictions (Pen. Code, § 1170.12, subd. (c)) and five prior prison terms (Pen. Code, § 667.5, subd. (b)).

On July 29, 2010, defendant pleaded nolo contendere to all counts charged in the information, except count 6. Defendant admitted the two prior strike convictions and the five prior prison terms. On April 15, 2011, the trial court sentenced defendant to a total prison term of 30 years to life, calculated as follows: 25 years to life for count 1, a consecutive term of five years for the prior prison term allegations, three stayed terms of 25 years to life for counts two through four, and concurrent six-month terms for each of the remaining counts.

On January 9, 2013, defendant filed a petition for recall of sentence pursuant to Penal Code section 1170.126,[1] the resentencing provision of Proposition 36. On August 23, 2013, the trial court denied the petition, ruling that defendant was ineligible for resentencing.

Defendant now appeals from the order denying resentencing. Among other arguments, defendant contends that the trial court erred in relying on facts described in a postconviction probation report when determining that he was armed and thus ineligible for resentencing. As set forth below, we conclude that the trial court erred in relying on the probation report, and we will reverse the order denying resentencing.

## BACKGROUND

After defendant filed his petition for recall of sentence, the trial court ordered a hearing on the issue of "whether [defendant] meets the minimum requirements for resentencing or is excluded under section 1170.126, subdivision (e)(2) due to the possibility that he was armed with a deadly weapon during the commission of the newly

---

[1] Subsequent unspecified statutory references are to the Penal Code.

2

convicted offenses within the meaning of 1170.12, subdivision (c)(2)(C)(iii) and section, 667, subdivision (e)(2)(C)(iii)." In issuing the order, the trial court noted: "If [defendant] is found to meet the minimum legal requirements for resentencing, the matter will then be set for a hearing pursuant to section 1170.126, subdivisions (f) and (g) to determine whether [defendant] poses 'an unreasonable risk of danger to public safety.'"

The People opposed resentencing. The written opposition asserted that a postconviction probation report, dated August 26, 2010, showed that defendant was armed with a firearm and a deadly weapon during the commission of his offenses and was thus ineligible for resentencing. A copy of the probation report was included with the opposition. A portion of the probation report was titled "CIRCUMSTANCES OF THE OFFENSE," and it identified "California Highway Patrol Report #F084-730-10" as the "[s]ource" of those circumstances. The section titled "CIRCUMSTANCES OF THE OFFENSE" described the following pertinent facts: defendant drove at high speeds while evading patrol officers, defendant's "vehicle" ultimately collided with a speed-limit sign and came to a rest, officers found a loaded shotgun "in plain view" on "the back seat" of defendant's vehicle, officers found "metal knuckles which had a blade on both sides" on "the left rear floorboard," officers found "metal knuckles" on "the right rear floorboard," and officers found knives and numerous shotgun shells inside the vehicle.

Defendant filed written briefing in support of his petition. In his brief, defendant argued that "mere possession" of a weapon does not constitute arming, and that nothing in the record of conviction showed that he was armed with a firearm or other weapon. He emphasized that the probation report proffered by the People was not part of the record of conviction and therefore could not be used to establish ineligibility for resentencing.

At the Proposition 36 eligibility hearing, defense counsel asserted that "nothing" in the record of conviction showed that defendant was armed and thus ineligible for resentencing. Defense counsel asked the trial court to strike the probation report

3

proffered by the People, arguing that the probation report was not part of the record of conviction and was hearsay. Although defense counsel conceded that the probation report "would be able to come in at the dangerousness hearing," she emphasized that it was "not appropriate" to consider the probation report in determining eligibility for resentencing. The prosecutor argued that the probation report was "absolutely part of the record of conviction," and he urged the trial court to consider the facts in the probation report and find defendant ineligible for resentencing.

In a written order denying defendant's Proposition 36 petition, the trial court ruled that defendant was ineligible for resentencing because "the facts underlying [defendant's] section 12021 and 12020 convictions demonstrate that he was armed with a firearm and a deadly weapon." In determining that defendant was armed, the trial court relied solely on the facts described in the probation report.

## DISCUSSION

Defendant contends that we must reverse the order denying resentencing because the trial court erred in relying on the probation report in determining that he was ineligible for resentencing.[2] Defendant is correct. As explained below, we conclude that the trial court erred in relying on the probation report, which was not an admissible, reliable document in the record of conviction. Because the trial court relied solely on the

_____

[2] Defendant makes several other arguments on appeal. He first argues that the denial of his Proposition 36 petition is appealable, a point which the Attorney General concedes. (See *Teal v. Superior Court* (2014) 60 Cal.4th 595, 597 [an order denying a Proposition 36 petition for recall of sentence, on the ground of ineligibility, is an appealable order].) We therefore need not address that issue. Defendant also contends that the trial court erred in finding him ineligible for resentencing because he was entitled to a jury trial on the issue of eligibility and because the prosecution failed to plead and prove arming in the underlying case. Given our conclusion that the trial court committed reversible error in relying on the probation report for the ineligibility determination, we need not address defendant's argument regarding the right to a jury trial or his argument regarding pleading and proof.

facts in the probation report in determining that defendant was armed and ineligible for resentencing, we must reverse the order denying resentencing and remand for further Proposition 36 proceedings.

### *Legal Principles and the Standard of Review*

On November 6, 2012, the voters approved Proposition 36, the Three Strikes Reform Act of 2012 (hereafter "the Act"), which amended sections 667 and 1170.12 and added section 1170.126. "The Act changes the requirements for sentencing a third strike offender to an indeterminate term of 25 years to life imprisonment. Under the original version of the three strikes law, a recidivist with two or more prior strikes who is convicted of any new felony is subject to an indeterminate life sentence. The Act dilutes the three strikes law by reserving the life sentence for cases where the current crime is a serious or violent felony or the prosecution has pled and proved an enumerated disqualifying factor. In all other cases, the recidivist will be sentenced as a second strike offender. (§§ 667, 1170.12.) The Act also created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126.)" (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168.)

"Insofar as is pertinent to this appeal, an inmate is ineligible for resentencing under the Act if his or her current sentence was 'imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12.' (§ 1170.126, subd. (e)(2).) Thus, an inmate is disqualified from resentencing if, inter alia, '[d]uring the commission of the

current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person.' (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).)" (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1028-1029 (*Osuna*).)

A defendant's "mere possession" of a firearm or deadly weapon does not establish that the defendant was armed with the firearm or deadly weapon. (*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1057 (*Blakely*).) Rather, the defendant was armed, and thus ineligible for resentencing, if he or she had the firearm or deadly weapon "available for offensive or defensive use." (*Id.* at p. 1048.) "[A] person convicted of being a felon in possession of a firearm is not automatically disqualified from resentencing by virtue of that conviction; such a person is disqualified only if he or she had the firearm available for offensive or defensive use." (*Ibid.*)

"[A] trial court determining eligibility for resentencing under the Act is not limited to a consideration of the elements of the current offense and the evidence that was presented at the trial (or plea proceedings) at which the defendant was convicted. Rather, the court may examine relevant, reliable, admissible portions of the record of conviction to determine the existence or nonexistence of disqualifying factors." (*Blakely, supra,* 225 Cal.App.4th at p. 1063.) "[T]he trial court must determine the facts needed to adjudicate eligibility based on evidence obtained *solely* from the record of conviction." (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1327, italics added.)

A probation report "ordinarily is not part of the record of conviction." (*People v. Oehmigen* (2015) 232 Cal.App.4th 1, 5 (*Oehmigen*).) Thus, when determining eligibility for resentencing, a probation report "cannot supply facts involving circumstances of the offense itself." (*Id.* at p. 10.)

6

The issue presented in this appeal "is one of the interpretation of a statute and its applicability to a given situation, a question of law we review independently." (*Osuna, supra,* 225 Cal.App.4th at p. 1034.)

***The Trial Court Erred in Relying on the Probation Report in Finding Defendant Ineligible for Resentencing***

Here, the parties disagree as to whether the probation report was a document within the record of conviction that could be considered when determining defendant's eligibility for resentencing. Defendant contends that the probation report was not part of the record of conviction, and the Attorney General contends that the probation report was part of the record of conviction that could be considered in finding defendant ineligible for resentencing. The Attorney General's argument ignores case law specifying that probation reports are not part of the record of conviction. (See *Oehmigen, supra,* 232 Cal.App.4th at pp. 5, 10; see also, *In re Brown* (2013) 218 Cal.App.4th 1216, 1226.) In any event, even if we assume that the probation report here was part of the record of conviction, we still must conclude that the trial court erred in relying on the facts described in the probation report.

When ruling on eligibility for resentencing, the trial court "may examine relevant, reliable, admissible portions of the record of conviction to determine the existence or nonexistence of disqualifying factors." (*Blakely, supra,* 225 Cal.App.4th at p. 1063.) The probation report here was neither admissible nor reliable. The portion of the probation report that described the circumstances of defendant's offenses was derived from a police report. The probation report thus constituted double hearsay or multiple hearsay, and the People never attempted to show that the probation report was admissible under an exception to the hearsay rule. Moreover, nothing in the probation report established the reliability of the asserted circumstances of the offenses: the probation report did not include a copy of the police report; the probation report did not state

7

whether it was directly quoting from the police report or summarizing the police report; the probation report did not specify whether it contained all of the facts included in the police report; the probation report did not state when the police report was prepared; the probation report did not identify the person who prepared the police report; and the probation report did not specify whether the facts in the police report were based on first-hand knowledge or hearsay. Given these circumstances, it is impossible to conclude that the probation report reliably described the circumstances of defendant's offenses. Because the probation report was neither admissible nor reliable, the trial court erred in relying upon it in determining that defendant was ineligible for resentencing. (See generally *People v. Reed* (1996) 13 Cal.4th 217, 220, 230 [holding that a probation report, which was admitted to prove weapon use during a prior offense, should have been excluded as multiple hearsay].)

In sum, the trial court erred in considering the facts described in the probation report when determining that defendant was armed and thus ineligible for resentencing. Because the trial court relied solely on the facts in the probation report in ruling that defendant was ineligible for resentencing, that ruling cannot stand. We therefore must reverse the order denying resentencing.

Finally, we note that if the same facts described in the probation report had appeared in a relevant, reliable, admissible portion of the record of conviction, the trial court would not have erred in considering such facts. We emphasize that the trial court may consider only relevant, reliable, admissible portions of the record of conviction when determining whether a defendant is eligible for Proposition 36 resentencing.

## DISPOSITION

The order denying resentencing is reversed. The matter is remanded for further Proposition 36 proceedings not inconsistent with this opinion.

_____

                         RUSHING, P. J.

WE CONCUR:

_____

          MÁRQUEZ, J.

_____

          GROVER, J.

*People v. Burnes*
**H040102**

Trial Court:                                          Monterey County
                                                      Superior Court No.: SS100891A


Trial Judge:                                          The Honorable Timothy P. Roberts


Attorney for Defendant and Appellant                  Junelle Harris
William Leonard Burnes, Jr.:                          under appointment by the Court
                                                      of Appeal for Appellant


Attorneys for Plaintiff and Respondent                Kamala D. Harris
The People:                                            Attorney General

                                                      Gerald A. Engler,
                                                      Chief Assistant Attorney General

                                                      Catherine A. Rivlin,
                                                      Supervising Deputy Attorney General

                                                      Allen R. Crown,
                                                      Deputy Attorney General

*People v. Burnes*
**H040102**