Filed 3/2/16  P. v. Bastida CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CONNIE BASTIDA,<br><br>Defendant and Appellant. | B261505<br><br>(Los Angeles County<br>Super. Ct. No. GA085675) |

APPEAL from an order of the Superior Court of Los Angeles County.  Michael Villalobos, Judge.  Affirmed.

Law Offices of James Koester and James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Mary Sanchez and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Connie Bastida (defendant) appeals from an order denying her petition for resentencing under the provisions of Proposition 47, which reduce some felony theft offenses to misdemeanors where the value of the stolen property is less than $950. We conclude that defendant failed to meet her burden of showing that she qualified for relief. We affirm the denial of her petition.

## BACKGROUND

In May 2012, upon entering into a plea agreement prior to the preliminary hearing, defendant was convicted on a plea of no contest to the following three felonies alleged in the criminal complaint: count 1, multiple identifying information theft in violation of Penal Code section 530.5, subdivision (c)(3);[1] count 2, forgery in violation of section 475, subdivision (a); and count 3, receiving stolen property in violation of section 496, subdivision (a). Pursuant to the agreement, the trial court dismissed three other counts, and placed defendant on formal probation for a period of five years, including a requirement that she participate in a drug rehabilitation program. In July 2013, after defendant's probation had been revoked and reinstated several times, defendant admitted her violation of probation. The trial court sentenced her to the low term of 16 months as to each of the three counts, with 261 days of combined custody credit.

In December 2014, defendant filed an application pursuant to Proposition 47, for recall of her sentence and reduction of her convictions to misdemeanors. (See § 1170.18.) A hearing on the petition was held on January 9, 2015. Defendant was not present, but represented by counsel. The court found that counts 1 (identity theft) and 2 (forgery) were ineligible for Proposition 47 relief.[2] When the trial court indicated that count 3, receiving stolen property, might be eligible if the property had a value under $950, the prosecutor said: "I flipped through the defendant was found with multiple checks. One of the checks was worth over $1,100. So I don't think she's --" The court

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] See section 473, subdivision (b).

replied, "If that is the situation, she would not be eligible for that charge either." Defense counsel then said, "I submit, your Honor," whereupon the court denied the petition.

Defendant filed a timely notice of appeal from the order.

## DISCUSSION

Defendant contends that the trial court erred in denying her petition as to count 3, receiving stolen property. In essence, defendant argues that the trial court's finding was unsupported by substantial evidence.

Under Proposition 47, enacted section 1170.18, subdivision (a), a person currently serving a sentence for a conviction of enumerated offenses may qualify to have his or her sentence recalled and to receive a misdemeanor sentence where the facts show that the offense has been reclassified as a misdemeanor. At the time of defendant's conviction of receiving stolen property, the crime was a felony regardless of the value of the property, but section 496 was amended by Proposition 47 to define the offense as a misdemeanor where the value of the property does not exceed $950.

"Except as otherwise provided by law, a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting." (Evid. Code, § 500.) Thus, it is defendant's burden to allege facts in her petition showing eligibility for relief and then to make an initial showing that the value of the property was less than $950. (*People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449-450; *People v. Sherow* (2015) 239 Cal.App.4th 875, 879-880.) Defendant's petition alleged no facts regarding the value of the stolen property. Defendant had been charged with unlawfully receiving and withholding stolen mail, checks, and money orders, but the complaint did not allege the value of the items. At the hearing on defendant's petition, defense counsel made no factual representation regarding value, did not point out to the court any evidence in the record that might support a recall under

3

Proposition 47, and did not object to the prosecutor's representation that the value of one of the checks was $1,100.[3]

Defendant suggests that upon receipt of the petition, the *trial court* had the initial burden of proof. Defendant does not cite authority for this proposition, but points out that section 1170.18, subdivision (b), provides that upon receiving a recall petition, the trial court must determine whether the petitioner satisfies the criteria in subdivision (a), and that the statute does not set forth a particular procedure for doing so. Defendant contends that the court should be required to make an independent initial determination solely from the record of conviction in the manner suggested in *People v. Guerrero* (1988) 44 Cal.3d 343 (*Guerrero*), relating to the nature of prior convictions used for enhancement purposes, and *People v. Bradford* (2014) 227 Cal.App.4th 1322 (*Bradford*), which considered the scope of the evidence a trial court may review in ruling on a petition for recall of sentence under Proposition 36.[4] The *Bradford* court borrowed from the procedures outlined in *Guerrero* to hold that the trial court may examine only the record of conviction in making its threshold determination whether the nature of the defendant's conviction qualifies for resentencing. (*Bradford*, *supra*, at pp. 1337-1341.) The court added that "the trial court must be careful to avoid making a precipitous decision without input from the parties"; thus, if the necessary facts are not found in the record of conviction, the court should not deny the petition without notice to the defendant and an opportunity to be heard, which does not require a formal hearing, but may simply be by additional briefing. (*Id.* at 1340-1341.)

---

[3] Both parties recite facts from the preconviction probation report, including the notation that one of the several checks in defendant's possession had been written for the sum of $413.51. It does not appear that the trial court considered the probation report, which was neither admissible nor reliable evidence of eligibility for recall of sentence. (See *People v. Burnes* (2015) 242 Cal.App.4th 1452, 1457-1459.) In any event, the value of one check among several checks and money orders does not permit a reasonable inference that the total value of all did not exceed $950.

[4] Proposition 47 is analogous to Proposition 36, which enacted section 1170.126 in 2012 to provide for resentencing in "Three Strikes" cases.

Defendant suggests that because the record does not demonstrate that the trial court relied solely on admissible evidence in the record of conviction, the order denying the petition must be reversed and remanded for further briefing or hearing. In *Bradford*, the trial court had determined defendant's ineligibility after the petition was filed, without any further briefing or involvement by either party. (See *Bradford*, *supra*, 227 Cal.App.4th at p. 1330.) Here, as defendant was afforded notice and a hearing, the due process requirement of *Bradford* was satisfied. There is nothing in *Bradford* that would relieve defendant of her burden of proof. On the contrary, the *Bradford* court opined that the "petitioner can, and should in most cases be able to, anticipate eligibility issues that arise"; and the court warned that "the petitioner would be well advised to address eligibility concerns in the initial petition for resentencing." (*Id*. at pp. 1340-1341.) It was thus incumbent upon defendant in her petition or at hearing, to point to evidence in the record of conviction which demonstrated that the value of the stolen property was less than $950.[5] As she failed in this regard, no further hearing or briefing is required. The trial court did not err in denying the petition.

Defendant represents that the record of conviction contains no admissible evidence of the value of the various stolen checks and money orders, and that it cannot be determined from the record whether the prosecutor saw the $1,100 check mentioned in the record of conviction or in some other, inadmissible source.[6] Defendant concludes

---

[5] Defendant contends that her petition contained a prima facie case of eligibility for relief based on the factual allegations made by defense counsel in her declaration attached to the petition. We disagree. Counsel averred that "one or both counts may qualify for Proposition 47 reduction to misdemeanors." Counsel's allegation was a conclusion, not a statement of fact, and thus raised no factual issue.

[6] Regardless of the burden of proof below, it is defendant's burden on appeal to present an adequate record to demonstrate her claim of error. (*People v. Carter* (2010) 182 Cal.App.4th 522, 531, fn. 6.) Defendant did not seek to include the entire record of conviction in the appellate record. Thus, neither the reporter's transcript of defendant's plea nor the sentencing hearing has been included. However, for purposes of our discussion we accept defendant's representation.

that the trial court should not have considered the prosecutor's representation of the value of the check at the hearing. We agree with respondent that defendant has forfeited any evidentiary challenge to that representation by failing to object in the trial court. (See Evid. Code, § 353 [no reversal due to erroneous admission of evidence "unless [t]here appears of record an objection to or a motion to exclude or to strike the evidence that was timely made and so stated as to make clear the specific ground of the objection or motion"].)

Defendant counters that since the law is unsettled regarding the procedures to prove eligibility for Proposition 47 relief, we should excuse her from her failure to object to the prosecutor's representation. Even if we were so inclined it would be futile to do so, as it would not change the outcome of defendant's appeal. If the prosecutor's representation had been excluded, the petition would be properly denied, as there would remain a failure of proof by defendant.

Moreover, neither the general allocation of the burden of proof nor the procedure to preserve evidentiary challenges is unsettled, as Evidence Code sections 353 and 500 were both enacted in 1965. It is also well established that a defendant is bound by admissions of fact resulting from unequivocal conduct of his counsel in open court "from which the [trier of fact] could properly and reasonably consider that the fact was conceded." (*People v. Peters* (1950) 96 Cal.App.2d 671, 677.) Here, after the prosecutor's representation, the court stated, "If that is the situation, she would not be eligible for that charge either." The phrase, "If that is the situation," apparently called for some response, and defense counsel's only reply was "I submit, your Honor." The court could reasonably infer that defense counsel conceded the truth of the prosecutor's statement.

Finally, defendant contends that in order to promote the public policies underlying Proposition 47, we should articulate a rule that would relieve her of the burden of proof. We decline to do so, and note that if we did enunciate a new rule and reverse the burden of proof, we would nevertheless conclude that the prosecutor's burden was met with defense counsel's concession to the prosecutor's representation. Defendant may not now

6

"contend[] there was no proof of a fact which [s]he had conceded, not by express word, but by conduct."  (*People v. Peters*, *supra*, 96 Cal.App.2d at p. 677.)

## DISPOSITION

The order denying defendant's Proposition 47 petition is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
CHAVEZ

We concur:


_____, P. J.
BOREN


_____, J.
ASHMANN-GERST