Filed 9/20/16  P. v. Campbell CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D068859 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD141049) |
| SCOT A. CAMPBELL, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Michael P. Pulos, Deputy Attorneys General, for Plaintiff and Respondent.

# I.

## INTRODUCTION

Scot A. Campbell appeals from an order denying his petition for recall of sentence pursuant to the Three Strikes Reform Act of 2012 (Pen. Code, § 1170.126) (the Act).[1] On appeal, Campbell claims that the trial court erred in determining that he is ineligible for resentencing on the ground that, during the commission of the current offense, he was "armed within the meaning of disqualifying portions of the statute."  (See §§ 1170.126, subd. (e), 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii) [disqualifying an inmate from resentencing under the Act if "[d]uring the commission of the current offense, the defendant . . . was armed with a firearm" (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii))].)  We affirm the order.

---

[1]    Unless otherwise specified, all subsequent references are to the Penal Code.

II.

FACTUAL AND PROCEDURAL BACKGROUND

A. *The commitment offense*[2]

In April 1999, a jury found Campbell guilty of possession of a firearm by a felon (§ 12021, subdivision (a)(1)) (count 3), possession of ammunition by a person prohibited from possessing ammunition (§ 12316, subd. (b)(1)) (count 4), carrying a loaded firearm in a vehicle (§ 12031, subd. (a)(1)) (count 6), and possession of burglar's tools (§ 466) (count 8). The trial court found that Campbell had suffered eight prior strike convictions (§§ 667, subd. (b)-(i), 1170.12) and two prison priors (§ 667.5, subd. (b)).

The trial court sentenced Campbell to an aggregate term of 27 years to life in prison. The court sentenced Campbell to 25 years to life for being a felon in possession

---

[2]     While this appeal was pending, we issued an order, pursuant to Evidence Code sections 459, subdivision (a) and 452, subdivision (d), proposing to take judicial notice of the appellate record in *People v. Campbell* (June 27, 2000, D033665). Pursuant to Evidence Code sections 459, subdivision (c) and 455, subdivision (a), we offered the parties the opportunity to file letter briefs addressing the propriety of such action. Neither party filed a brief.

A reviewing court may take judicial notice of the "[r]ecords of . . . any court of this state." (Evid. Code, § 452, subd. (d); see Evid. Code, § 459, subd. (a).) Further, the appellate record in *People v. Campbell*, *supra*, D033665 is relevant to this court's determination of the issues on appeal. Accordingly, we take judicial notice of the appellate record in *People v. Campbell*, *supra*, D033665. Our summary of the commitment offense is drawn from the record in D033665.

In their brief, the People also requested that we take judicial notice of the appellate record in *People v. Campbell*, *supra*, D033665. Given that we have taken judicial notice of the same appellate record pursuant to the order described above, the People's request is denied as moot. We remind the People that a separate motion requesting that we take judicial notice of a record is required under the applicable rule of court. (Cal. Rules of Court, rule 8.252.)

of a firearm (count 3) pursuant to the Three Strikes law (§§ 667, 1170.12),[3] and imposed two consecutive one-year terms for the prison priors. The court stayed execution of the sentences on counts 4 and 6, and sentenced Campbell to time served on count 8.

B.  *Campbell's petition for recall of sentence*

Campbell filed a petition for recall of sentence under the Act in March 2013. In his petition, Campbell listed his convictions in this case, and stated that he had not been convicted of any crimes specified in section 667, subdivision (e)(2)(C)(i)-(iii). Campbell further contended that "if Petitioner had been tried and convicted under Penal Code [section] 667[, subdivision] (e)(2) or [section] 1170.12[, subdivision] (c)(2) as now amended, petitioner would not face an indeterminate life sentence." Campbell maintained that he did not pose an unreasonable risk of danger to public safety, and requested that the court recall his previously imposed sentence and resentence him.

Campbell filed a brief in support of his petition in November 2013. Campbell asserted that he met the "eligibility requirements for resentencing in sub[division] (e) of new . . . [s]ection 1170.126." In particular, Campbell argued that he was not disqualified by the "armed with a firearm" (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii)) factor incorporated by reference by section 1170.126, subdivision (e)(2) because his " 'current sentence' was not imposed" (quoting § 1170.126, subd. (e)(2)) on the basis of this factor.

---

3    We refer to the sentence on count 3 as the commitment offense, because that is the offense for which Campbell is serving a sentence pursuant to the Three Strikes law.

Campbell filed a supplemental memorandum in support of his petition in August 2015 in which he further explicated several legal arguments in support of his petition. Campbell argued that he was eligible for resentencing because the Act required that the People plead and prove any disqualifying factors to a jury beyond a reasonable doubt, and the People had not done so in the underlying case. Campbell also argued that he was eligible for resentencing because the armed with a firearm disqualifying factor (§§ 1170.126, subd. (e), 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii)) was limited to "persons who commit crimes beyond mere possession of the weapon and in fact 'arm' themselves to further another criminal act."

C. *The People's opposition*

The People filed an opposition in which they argued that Campbell was ineligible for resentencing under the Act because he was armed with a firearm during the commission of the commitment offense. The People argued in relevant part:

> "Here, the record of conviction[4] establishes that the applicable resentencing eligibility criterion set forth in section 1170.126[, subdivision] (e)(2) is not satisfied, and, thus, Campbell is ineligible for resentencing relief under the . . . Act. Specifically, the record of conviction establishes that Campbell's life sentence was imposed because he was in physical possession of a loaded .357 Rueger since the gun was within . . . his reach as he drove and available for offensive/defensive use.[5] Thus, Campbell was armed with a firearm during the commission of his current offense."

---

4    We explain in part III.C, *post*, that appellate courts have concluded that a petitioner's eligibility for resentencing under the Act is to be based on a trial court's review of the record of conviction for the petitioner's commitment offense.

5    As discussed in part III.C, *post*, the People were referring to the governing legal test for determining whether a defendant was "armed with a firearm" (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii)) for purposes of the Act.

The People also contended that appellate courts have rejected the legal arguments that Campbell offered in his briefing in support of his claim that he was eligible for resentencing under the Act.

D. *The trial court's ruling*

The trial court held a hearing at which it offered the parties the opportunity to provide additional argument on the matter. Neither party offered any argument. The court stated that it had reviewed the record of conviction in the underlying case, and found that Campbell was armed during the commission of the commitment offense. The court ruled that Campbell was thus "disqualified" and denied the petition.

E. *Campbell's appeal*

Campbell timely appeals the order denying his petition.

III.

DISCUSSION

*The trial court did not commit reversible error in determining that Campbell is ineligible for resentencing under the Act*

Campbell claims that the trial court erred in determining that he is ineligible for resentencing under the Act. We first provide an overview of the Act and then consider each of the specific arguments that Campbell offers in support of his claim.

A. *The Act*

The electorate passed Proposition 36, enacting the Act, in November 2012. The Act changes the requirements for sentencing a third strike offender. (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167 (*Yearwood*).) Under the former version of the Three

6

Strikes law, an individual with two or more prior strikes who is convicted of any new felony may be sentenced to an indeterminate life sentence. (*Ibid.*) Under the new version, a life sentence for a third strike offender is reserved for cases in which the new felony is also serious or violent, or the prosecution has pled and proved an enumerated disqualifying factor. (*Id.* at pp. 167-168.) In all other cases, a third strike offender is to be sentenced as a second strike offender. (*Id.* at p. 168.)

The Act also created a procedure permitting the resentencing of "persons presently serving an indeterminate term of imprisonment [under the Three Strikes law], whose sentence under this act would not have been an indeterminate life sentence" under certain enumerated circumstances. (§ 1170.126, subd. (a).) In *Yearwood*, the court summarized this resentencing procedure as follows:

> "To obtain a sentencing reduction pursuant to section 1170.126, the prisoner must file a petition for a recall of sentence in the trial court. 'Any person serving an indeterminate term of life imprisonment imposed pursuant to' the three strikes law may file a petition for a recall of his or her sentence within two years after the Act's effective date 'or at a later date upon a showing of good cause.' (§ 1170.126, subd. (b) . . . .) Upon receipt of such a petition, the trial court must determine if it satisfies the criteria contained in subdivision (e) of section 1170.126. (§ 1170.126, subd. (f).) If it does, the prisoner shall be resentenced as a second strike offender 'unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.126, subd. (f).)" (*Yearwood*, *supra*, 213 Cal.App.4th at p. 170.)

Section 1170.126, subdivision (e) provides in relevant part:

"An inmate is eligible for resentencing if:

"[¶] . . . [¶]

"(2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12."

The statutes referenced in section 1170.126, subdivision (e)(2), section 667, subd. (e)(2)(C)(i)-(iii), and section 1170.12, subd. (c)(2)(C)(i)-(iii), both provide in relevant part:

"(i) The current offense is a controlled substance charge, in which an allegation under Section 11370.4 or 11379.8 of the Health and Safety Code was admitted or found true.

"(ii) The current offense is a felony sex offense, defined in subdivision (d) of Section 261.5 or Section 262, or any felony offense that results in mandatory registration as a sex offender pursuant to subdivision (c) of Section 290 except for violations of Sections 266 and 285, paragraph (1) of subdivision (b) and subdivision (e) of Section 286, paragraph (1) of subdivision (b) and subdivision (e) of Section 288a, Section 311.11, and Section 314.

"(iii) *During the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person.*" (Italics added.)

B. *The People were not required to have pled and proven that Campbell was armed with a firearm during the commission of the commitment offense*

Campbell contends that the statutory scheme (see §§ 1170.126, subd. (e), 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C)) requires that "the disqualifying factors must have been pled and proven by the prosecution," in order for a court to rely on these factors in concluding that a defendant is ineligible for resentencing under the Act. Campbell further contends that because the disqualifying factor of having been armed with a firearm was neither pled nor proven by the prosecution at the time of his trial for

8

the commitment offense, the trial court erred in relying on this factor in concluding that he was ineligible for resentencing. Campbell's contention raises a question of statutory interpretation. We review such claims de novo. (See, e.g., *Doe v. Brown* (2009) 177 Cal.App.4th 408, 417 ["We apply the de novo standard of review to this claim, since the claim raises an issue of statutory interpretation"].)

Campbell notes that in order for a trial court to impose a *new* Three Strikes sentence after the enactment of the Act based on section 667, subdivision (e)(2)(C)(i)-(iv) or 1170.12, subdivision (c)(2)(C)(i)-(iv), the People must plead and prove the existence of a disqualifying factor. (See §§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C) ["If a defendant has two or more prior serious and/or violent felony convictions as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7 that have been pled and proved, and the current offense is not a serious or violent felony as defined in subdivision (d), the defendant shall be sentenced pursuant to paragraph (1) of subdivision (e) unless the *prosecution pleads and proves* any of the following" (italics added)].) Campbell argues that "[i]n referencing section 667, section 1170.126 necessarily incorporates its pleading and proof requirements."

As Campbell acknowledges, this court in *People v. White* (2014) 223 Cal.App.4th 512, 527 (*White*), and numerous other courts, have rejected the argument that the pleading-and-proof requirements contained in section 667, subdivision (e)(2)(C) and section 1170.12, subd. (c)(2)(C) apply to petitions for recall of sentence under section 1170.126. (See, e.g., *People v. Blakely* (2014) 225 Cal.App.4th 1042, 1059.) The *White* Court reasoned:

9

"*First*, although section 1170.126, [subdivision] (e)(2) expressly cross-references 'clauses (i) to (iii), inclusive' of sections 667, [subdivision] (e)(2)(C) and 1170.12, [subdivision] (c)(2)(C), nothing in the language of section 1170.126, [subdivision] (e)(2) or of any of the other subdivisions of section 1170.126 governing an inmate's petition for resentencing relief under the . . . Act references the plead-and-prove language.

"*Second*, what White refers to as the pleading and proof requirement plainly is a part of only the *prospective* part of the . . . Act, which governs the *sentencing* of a *defendant* with 'two or more prior serious and/or violent felony convictions' who has suffered a third felony conviction; it is *not* a part of section 1170.126, the *retrospective* part of the . . . Act that governs a petition for *resentencing* brought by an *inmate* already serving a life sentence under the Three Strikes law." (*White*, *supra*, 223 Cal.App.4th at pp. 526-527.)

Campbell argues that the reasoning of *White* and other cases on this point has been undermined by the California Supreme Court's decision in *People v. Johnson* (2015) 61 Cal.4th 674 (*Johnson*). In *Johnson*, the Supreme Court considered two issues that are entirely distinct from the issue addressed in *White*. Specifically, the *Johnson* court "address[ed] for purposes of resentencing a defendant whether the classification of an offense as a serious or violent felony is determined as of November 7, 2012, the effective date of Proposition 36, or the law in effect when the offense was committed," and "whether an inmate who was convicted of both a serious or violent felony and a felony that is neither serious nor violent is eligible for resentencing with respect to the felony that is neither serious nor violent." (*Id.* at p. 679.) However, Campbell notes that in the course of its analysis, the *Johnson* court did state that the Act adopted a "parallel scheme" between the prospective and retrospective sentencing provisions that "suggests that the

10

sentencing rules are intended to be identical," with one exception that is not relevant here. (*Johnson*, *supra*, at p. 691.)

Since deciding *Johnson*, the Supreme Court has clarified that there are significant differences between the prospective and retrospective sentencing provisions of the Act. (*People v. Conley* (2016) 63 Cal.4th 646, 660 (*Conley*) [stating that applying the Act's "revised sentencing scheme" with respect to a previously sentenced defendant is not "so simple as mechanically substituting a second strike sentence for a previously imposed indeterminate life term"].) In *Conley*, the court concluded that third strike defendants who were sentenced under the Three Strikes law before the passage of the Act, but whose judgments were not yet final as of that date, were not entitled to automatic resentencing under the revised penalty provisions of the Reform Act, but instead, were required to seek resentencing under section 1170.126. (*Conley*, *supra*, at p. 652.) The *Conley* court noted that while the Act's pleading-and-proof requirements for disqualifying factors clearly apply to cases arising after the effective date of the Act, it would be "complicated" (*Conley*, at p. 659) to apply such requirements to previously sentenced defendants:

> "[T]he revised sentencing provisions at issue in this case do more than merely reduce previously prescribed criminal penalties. They also establish a new set of disqualifying factors that preclude a third strike defendant from receiving a second strike sentence. (See . . . § 1170.12, subd. (c)(2)(C).) The sentencing provisions further require that these factors be 'plead[ed] and prove[d]' by the prosecution. (*Ibid.*)

> "These provisions add an additional layer of complexity to defendant's request for automatic resentencing under the revised penalty scheme. In cases arising after the . . . Act's effective date, operation of the pleading-and-proof requirements is straightforward enough. But for defendants who have already been tried and

11

sentenced, the matter would be considerably more complicated. Before the . . . Act, prosecutors may have had no reason to plead and prove the new disqualifying factors in a particular case." (*Ibid.*)

Further, the *Conley* court specifically addressed the armed with a firearm disqualifying factor at issue in this case and *White*:

"Take, for example, the application of the 'armed with a firearm' disqualifying factor ( . . . § 1170.12, subd. (c)(2)(C)(iii)) in the case of a prisoner serving an indeterminate life term for possessing a firearm as a felon. ([Citation]; cf. *People v. White*, [*supra*,] 223 Cal.App.4th 512.) Case law holds that possession of a firearm does not necessarily imply being armed; 'a convicted felon may be found to be a felon in possession of a firearm if he or she knowingly kept a firearm in a locked offsite storage unit even though he or she had no ready access to the firearm and, thus, was not armed with it.' (*White*, at p. 524.) Before the . . . Act, the prosecution ordinarily would have had no reason to plead and prove that the defendant was actually armed with, not merely in possession of, the firearm; arming is not an element of the offense, and case law suggests that the armed-with-a-firearm enhancement [citation] does not apply to the offense of felon in possession of a firearm [citation]. Thus, if the . . . Act version of the Three Strikes law applied retroactively to a defendant who was appealing a felon-in-possession conviction, then the defendant might receive a second strike sentence without the prosecution ever having had occasion to plead and prove that the defendant was disqualified from receiving that sentence on account of being armed with, not just in possession of, the firearm." (*Conley*, *supra*, 63 Cal.4th at pp. 659-660.)

The *Conley* court ultimately concluded that the electorate did *not* intend that the pleading-and-proof requirements would apply to previously sentenced defendants:

"*We find it difficult to escape the conclusion that the Act does not address the complexities involved in applying the pleading-and-proof requirements to previously sentenced defendants precisely because the electorate did not contemplate that these provisions would apply.* Rather, voters intended for previously sentenced defendants to seek relief under section 1170.126, which contains no comparable pleading-and-proof requirements. (See Pen. Code,

12

§ 1170.126, subd. (e)(2), (3)[, italics added].)"  (*Conley*, *supra*, 63 Cal.4th at pp. 660-661.)

Thus, *Conley* strongly supports the *White* court's conclusion that the pleading-and-proof requirements of the Act do not apply with respect to previously sentenced defendants.  Accordingly, we conclude that the trial court did not err in determining that Campbell is ineligible for resentencing under section 1170.126 despite the fact that the People did not plead and prove that Campbell was armed with a firearm.

C.  *Any error committed by the trial court in relying on the probation report from the commitment offense in determining that Campbell was ineligible for resentencing was harmless*

Campbell claims that "[r]emand is appropriate" because the trial court may have erroneously relied on the probation report from the commitment offense in determining that Campbell was ineligible for resentencing.  We conclude that any error committed by the trial court was harmless because the record of conviction establishes beyond a reasonable doubt that Campbell was armed during the commission of the offense.

1.  *Factual and procedural background*

The People filed an opposition to Campbell's petition in the trial court that stated the following:

> "The People hereby incorporate by reference the procedural and factual summaries as forth in Petitioner's appeal in addition to the recitation below.  (*People v. Scot*[ ] *Campbell*, filed 06/27/[0]0, D033665, 4th DCA, unpublished).

> "**STATEMENT OF FACTS**

> "**I. Defendants Initial Conviction**

13

" 'On 11-12-98 [describing the facts of the commitment offense].' "

In ruling on Campbell's petition, the trial court stated:

"The court does determine, based upon a review of all of the files, the court file, the record of conviction, I do find that he was armed within the meaning of [the] disqualifying portions of the statute."

2. *Governing law*

In *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1338 (*Bradford*), the Court of Appeal "conclude[d] [that] the statutory language and framework of Proposition 36 contemplate a determination of a petitioner's eligibility for resentencing based on the record of conviction," for the commitment offense. The *Bradford* court reasoned:

"[W]e find guidance in prior case law for litigating a factual issue concerning a prior conviction required to prove a sentencing enhancement. [(See, e.g., *People v. Guerrero* (1988) 44 Cal.3d 343 (*Guerrero*)).] Like consideration of a prior conviction, the eligibility determination at issue here is necessarily retrospective. Although the statute refers to it as the 'current' conviction because it is the conviction for which the petitioner is seeking to be resentenced, the underlying case has been fully litigated. The trial has been held or a plea has been taken, and the defendant is serving his or her sentence. As a practical matter, the current matter is akin to a prior conviction." (*Bradford*, *supra*, at p. 1337.)

In adopting such a limitation, the *Bradford* court reasoned:

"Regarding eligibility, the current statute contains no procedure permitting the trial court to consider new evidence outside of the record of conviction, and we decline to imply such a procedure. To do so would impose a cumbersome two-step process in which the trial court would be required to consider new evidence at two stages of the proceedings. Had the drafters of Proposition 36 intended the trial court to consider newly offered 'evidence' at the eligibility stage, they would have included express language of the type they did to describe the nature of the court's later, discretionary sentencing determination. [Citation.] Further, as indicated in

14

*Guerrero* itself, consideration that is limited to the record of conviction promotes the efficient administration of justice while preventing relitigation of the circumstances of a crime committed years ago, which could potentially implicate other constitutional concerns. (See *Guerrero*, *supra*, 44 Cal.3d at p. 355.) Consideration of evidence outside the record of conviction at a resentencing proceeding under Proposition 36 would likewise present significant challenges for convictions that date back nearly 20 years, as witnesses and evidence available at the time the case was adjudicated may no longer be available." (*Bradford*, *supra*, 227 Cal.App.4th at p. 1339.)

In *People v. Burnes* (2015) 242 Cal.App.4th 1452, 1455 (*Burnes*), the court concluded that a trial court erred in relying on the probation report for the defendant's commitment offense in denying a defendant's petition for recall of sentence under the Act. In reaching this conclusion, the *Burnes* court stated:

"A probation report 'ordinarily is not part of the record of conviction.' (*People v. Oehmigen* (2014) 232 Cal.App.4th 1, 5, (*Oehmigen*).) Thus, when determining eligibility for resentencing, a probation report 'cannot supply facts involving circumstances of the offense itself.' (*Id.* at p. 10.)" (*Burnes*, *supra*, at p. 1458.)

The *Burnes* court "note[d] that if the same facts described in the probation report had appeared in a relevant, reliable, admissible portion of the record of conviction, the trial court would not have erred in considering such facts." (*Burnes*, *supra*, 242 Cal.App.4th at p. 1460.)

3. *Application*

Campbell argues that, under *Bradford*, a trial court "is limited to the record of conviction," in determining whether a defendant is eligible for resentencing under the

15

Act.[6] Campbell further contends that the trial court may have considered evidence beyond the record of conviction in ruling on the petition because the court stated that its decision was based on a "review of *all of the files*, *the court file*, the record of conviction." (Italics added.) Citing *Burnes*, Campbell suggests that the court may have improperly relied on the probation report for the commitment offense in denying his petition.

Although not addressed by the parties in their briefing on appeal, we note that while the People's opposition in the trial court suggested that they were quoting from this court's appellate *opinion* in *People v. Campbell*, *supra*, D033665 in their opposition to Campbell's petition, a review of the appellate record in that case reveals that the People were in fact quoting from the *probation report* prepared in this case. The People's quotation of a probation report without proper attribution in their opposition to Campbell's petition was improper, misleading, and could have led the trial court to commit reversible error. However, even assuming that the trial court did erroneously rely on the probation report in denying Campbell's petition, any error was harmless because, for the reasons discussed below, the record of conviction establishes that Campbell was armed with a firearm during the commission of the offense beyond a reasonable doubt.

---

[6]    Thus, we have no occasion to consider whether *Bradford* is properly decided. Further, since Campbell did not attempt to present evidence outside the record of conviction in the trial court, nor contend on appeal that such an offer is permissible, we need not determine whether *Bradford* may properly be applied to preclude an inmate who desires to present evidence outside the record of conviction in support of a claim of eligibility for resentencing under the Act.

16

As Campbell acknowledges, in order to find that he was "armed with a firearm" (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii)) for purposes of determining his eligibility for resentencing, the trial court was required to consider whether he had "a firearm available for offensive or defensive use," during his commission of the commitment offense. (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1029 (*Osuna*).) The following facts taken from the *reporter's transcript* of Campbell's trial of the commitment offense establish that Campbell was armed during the commission of the offense. (*People v. Bartow* (1996) 46 Cal.App.4th 1573, 1580 [stating that a reporter's transcript is part of the record of conviction].)[7]

A Border Patrol Agent stopped a car that Campbell was driving. There were no other visible occupants. Upon a search of the car, an officer found a cloth bag on the front passenger seat that contained a loaded .357 revolver. Next to the cloth bag, there was a small brown paper bag that contained three ammunition cartridges that were of the same type as were found in the revolver. The officer also found a box containing ammunition cartridges on the floorboard in front of the passenger's seat. The following day, during a police interview, Campbell admitted that he knew that there was a gun in the bag found in the car that he was driving.

With respect to the key facts pertaining to whether Campbell was armed during the commission of the commitment offense discussed above, the probation report merely summarizes facts contained in the record of conviction, specifically, in the reporter's

---

7    The reporter's transcript is contained in the appellate record in *People v. Campbell*, *supra*, D033665 of which we have taken judicial notice. (See fn. 2, *ante*.)

17

transcript.  (Compare with *Burnes*, *supra*, 242 Cal.App.4th at p. 1459 [stating "it is impossible to conclude that the probation report reliably described the circumstances of defendant's offenses," where probation report was based on multiple levels of hearsay taken in an unspecified manner from a *police report*].)

Accordingly, we conclude that any error committed by the trial court in relying on the probation report in determining that Campbell was ineligible for resentencing was harmless.

D. *Any error committed by the trial court in failing to apply the beyond a reasonable doubt standard of proof in determining that Campbell was armed with a firearm was harmless*

Campbell contends that the trial court erred in failing to "recognize" that due process required the prosecution to prove the disqualifying "armed with a firearm" (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii)) factor beyond a reasonable doubt.

Court of Appeal decisions are currently in conflict with respect to the appropriate standard of proof that a trial court is to employ in determining whether the disqualifying "armed with a firearm" factor (§§ 1170.126, subd. (e)(2), 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii)) has been established.  (Compare *People v. Arevalo* (2016) 244 Cal.App.4th 836, 852 (*Arevalo*) ["we conclude that the appropriate standard of proof is beyond a reasonable doubt"] with *People v. Frierson* (2016) 1 Cal.App.5th 788, 794 (*Frierson*) [disagreeing with *Arevalo* and stating that the appropriate standard of proof is preponderance of the evidence]; *People v. Newman* (Aug. 18, 2016) ___ Cal.App.5th ___, ___ [2016 Cal.App. Lexis 698, p. *21] ["We also find *Arevalo* unpersuasive . . . and

18

concur in *Frierson*'s conclusion that preponderance of the evidence is the appropriate standard of proof" (boldface omitted)]; and *Osuna*, *supra*, 225 Cal.App.4th at p. 1040 ["a trial court need only find the existence of a disqualifying factor by a preponderance of the evidence"].)

We need not decide the appropriate standard of proof in this case. Even assuming that the beyond a reasonable doubt standard is the proper standard, and assuming further that the trial court failed to apply this standard,[8] any error committed by the trial court was harmless under any standard of prejudice. That is because, in light of the facts from the record of conviction discussed in part III.C, *ante*, we can conclude beyond a reasonable doubt that the trial court would have determined that Campbell had "a firearm available for offensive or defensive use," (*Osuna*, *supra*, 225 Cal.App.4th at p. 1029), and that he was therefore armed with a firearm, regardless of which standard of proof the court employed.[9]

Accordingly, we conclude that any error committed by the trial court in failing to apply the beyond a reasonable doubt standard of proof in determining that Campbell was armed with a firearm was harmless.

---

[8] Citing *Osuna*, the People argued in their trial brief that the preponderance of the evidence standard was the appropriate standard of proof. Further, at the time the trial court denied the petition, *Arevalo* had not been decided and there were no other appellate decisions holding that the beyond a reasonable doubt standard applied in this context. Thus, while the trial court did not expressly state the standard of proof that it applied in determining that Campbell was armed with a firearm, we assume for purposes of this decision that the trial court applied the preponderance of the evidence standard.

[9] Campbell does not contend that there is any other portion of the record of conviction upon which the trial court could have reached a contrary finding.

19

E. *The trial court did not violate Campbell's Sixth Amendment right to a jury trial*

Campbell contends that the trial court violated his Sixth Amendment right to a jury trial by relying on facts other than those found by a jury in denying his petition for recall of sentence. Relying on *Apprendi v. New Jersey* (2000) 530 U.S. 466, and its progeny, including *Blakely v. Washington* (2004) 542 U.S. 296, Campbell contends that "[b]ecause the court's finding of the arming allegation altered the presumptive maximum to which Mr. Campbell was otherwise subjected, it was an element which had to be found by the jury beyond a reasonable doubt." Campbell's contention raises a question of law. We review questions of law de novo. (See, e.g., *People v. Butler* (2003) 31 Cal.4th 1119, 1127.)

Numerous courts have rejected this argument. (See, e.g., *Osuna*, *supra*, 225 Cal.App.4th at p. 1039 ["*Apprendi* and its progeny do not apply to a determination of eligibility for resentencing under the Act"]; *People v. Elder* (2014) 227 Cal.App.4th 1308, 1315 (*Elder*).) As the *Elder* court succinctly stated, "[D]efendant's reliance on the principle in the line of cases that include *Blakely*[, *supra*, 542 U.S. 296] is misplaced. . . . [U]nder these cases any fact increasing punishment beyond the statutory maximum authorized on facts necessarily found in a jury's verdict must itself be the subject of a jury finding, but this does not apply to facts rendering a defendant ineligible for mitigation of a punishment that the facts underlying the verdict otherwise authorize." (*Elder*, *supra*, at p. 1315.) We agree with the *Elder* court and with similar reasoning employed by the numerous other courts that have rejected this argument.

20

Accordingly, we conclude that the trial court did not violate Campbell's Sixth Amendment right to a jury trial in determining that he was ineligible for resentencing under section 1170.126 based on facts not found by a jury.

F. *The Act does not require that a defendant have committed a separate felony, apart from possession of a firearm, in order to prove that the defendant was armed with a firearm during the commission of the offense*

Campbell contends that the Act requires that a defendant have committed a felony apart from possession of a firearm in order to prove that the defendant was armed with a firearm during the commission of the commitment offense for purposes of sections 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii). Campbell's contention raises a question of statutory interpretation. We review such claims de novo. (See, e.g., *Doe v. Brown*, *supra*, 177 Cal.App.4th at p. 417.)

As noted previously, section 1170.126, subd. (e)(2) disqualifies an inmate from resentencing under the Act if, "[*d*]*uring* the commission of the current offense, the defendant . . . was armed with a firearm." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii), italics added.) Campbell contends that this statutory language requires that a defendant have been armed with a firearm to facilitate some other felony beyond merely possessing the firearm. In support of this argument, Campbell cites cases addressing a firearm *enhancement* under section 12022, and a weapon use *enhancement* under section 12022.5, subdivision (a), that have required the firearm have a "facilitative nexus" to an underlying offense. (*People v. Bland* (1995) 10 Cal.4th 991, 1002 ["by specifying that the added penalty applies only if the defendant is armed with a firearm *in* the commission of the felony offense, section 12022 implicitly requires both that the

21

'arming' take place *during* the underlying crime and that it have some 'facilitative nexus' to that offense" (italics altered)].) Campbell contends that since his possession of a firearm did not facilitate a separate offense, the trial court erred in concluding that he was armed with a firearm during the commission of his commitment offense.

As Campbell acknowledges, numerous courts have rejected this argument. (See, e.g., *Osuna*, *supra*, 225 Cal.App.4th at p. 1031.) The *Osuna* court reasoned in part, "Since the Act uses the phrase '*[d]uring* the commission of the current offense,' [(§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii))] and not *in* the commission of the current offense . . . [(§ 12022, subd. (a))], and since at issue is not the imposition of additional punishment but rather eligibility for reduced punishment, we conclude the literal language of the Act disqualifies an inmate from resentencing if he or she was armed with a firearm during the unlawful possession of that firearm." (*Osuna*, *supra*, at p. 1032, italics added.) We agree with the reasoning of the *Osuna* court. The Act requires merely that a defendant have been armed with a firearm "[d]uring the commission of the current offense," (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii)) and contains no text requiring that the firearm have *facilitated* the commission of a separate felony. While it is reasonable to conclude that the Legislature intended to require that a firearm facilitate the commission of an underlying offense (*Bland*, *supra*, 10 Cal.4th at pp. 1002-1003) when defining an enhancement that *enhances* the punishment for an *offense*, it is not reasonable to ascribe such an intent to the electorate in defining a class of Third Strike inmates as ineligible for resentencing under the Act.

Accordingly, we conclude that the Act does not require that a defendant have committed a separate felony, apart from possession of a firearm, in order to prove that the defendant was armed with a firearm during the commission of the current offense.

IV.

DISPOSITION

The order denying the petition for recall of sentence is affirmed.


AARON, J.

WE CONCUR:

HALLER, Acting P. J.

PRAGER, J.*

---

*       Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

23