Filed 6/29/16  P. v. Shells CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B269286 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA024549) |
| v. | |
| BRADLEY EUGENE SHELLS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County. William C. Ryan, Judge.  Affirmed.

California Appellate Project, Jonathan B. Steiner, Executive Director, and Richard B. Lennon, Staff Attorney, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Noah P. Hill and Wyatt E. Bloomfield, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In 1995, a jury convicted defendant and appellant Bradley Eugene Shells of possession of a firearm by a felon with a prior conviction (Pen. Code, § 12021.1).[1]  In a bifurcated proceeding, the trial court found that defendant had suffered two prior convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).  Defendant was sentenced to 25 years to life in prison pursuant to the Three Strikes law.

On June 10, 1997, this Court affirmed defendant's conviction, but remanded the matter to the trial court to exercise its discretion to determine whether to strike one or both of defendant's prior convictions pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.  (*People v. Shells* (June 10, 1997, B099474) [nonpub. opn.], p. 9.)  On February 18, 1998, the trial court decided not to vacate either of the prior strike findings and again sentenced defendant to a prison term of 25 years to life.  (*People v. Shells* (Apr. 5, 1999, B119951) [nonpub. opn.], p. 2.)  Defendant again appealed, and on April 5, 1999, we affirmed defendant's life sentence.  (*Id*. at pp. 1, 15–16.)

On January 25, 2013, defendant filed a petition for recall of sentence in the trial court pursuant to section 1170.126.  Following a hearing, the trial court denied the petition pursuant to sections 667, subdivision (c)(2)(C)(iii) and 1170.126, subdivision (e)(2), "because during the commission of the current offense [defendant] was armed with a firearm."

Defendant timely filed a notice of appeal.  On appeal, he argues that the trial court erred in finding that he was ineligible for recall and resentencing based on the factual finding that he was armed at the time of the commission of the crime.

We affirm.

## FACTUAL BACKGROUND

"On June 9, 1995, [defendant] was inside a jewelry store with three other men. [Defendant] and one of the men each had a loaded gun.  [Defendant] did not display his

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

gun. After the other two men left the store to check on the status of a getaway van, [defendant] walked out of the store. Upon being confronted by police, [defendant] ran. When the police captured [defendant], he told them he had a gun in his pocket. It was stipulated that [defendant] had previously been convicted of a felony." (*People v. Shells, supra,* B099474, at p. 2.)

At trial, the arresting officer testified that a loaded, semiautomatic, .25-caliber handgun had been found in defendant's right rear pocket.

## DISCUSSION

Proposition 36, the Three Strikes Reform Act of 2012, "created a postconviction release proceeding whereby a prisoner who is serving an indeterminate life sentence imposed pursuant to the [T]hree [S]trikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentenced recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126.)" (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 168.) An inmate currently serving an indeterminate life sentence pursuant to the Three Strikes law is disqualified from resentencing if he has an enumerated disqualifying factor set forth in section 1170.126, subdivision (e). (*People v. Hicks* (2014) 231 Cal.App.4th 275, 282.)

One of the disqualifying factors is if "[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).) The phrase "during the commission of the current offense" "requires a temporal nexus between the arming and the underlying felony, not a facilitative one." (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1032 (*Osuna*).) Moreover, the phrase "'[a]rmed with a firearm' has been statutorily defined and judicially construed to mean having a firearm available for use, either offensively or defensively. [Citations.]" (*Osuna, supra,* 225 Cal.App.4th at p. 1029.) "'"[I]t is the availability—the ready access—of the weapon that constitutes arming.'" [Citations.]" (*People v. White* (2014) 223 Cal.App.4th 512, 524.)

3

Where "the record establishes that a defendant convicted under the pre-Proposition 36 version of the Three Strikes law as a third strike offender of possession of a firearm by a felon was armed with the firearm during the commission of that offense, the armed-with-a-firearm exclusion applies and the defendant is not entitled to resentencing relief under" section 1170.126. (*People v. White*, *supra*, 223 Cal.App.4th at p. 519.)

That is exactly what the record shows here. As such, defendant is not entitled to resentencing relief. (See, e.g., *People v. White* (2016) 243 Cal.App.4th 1354, 1360–1364; *People v. Burnes* (2015) 242 Cal.App.4th 1452, 1458; *People v. Hicks*, *supra*, 231 Cal.App.4th at pp. 283–284; *Osuna*, *supra*, 225 Cal.App.4th at pp. 1030–1038.)

Defendant urges us to reject the reasoning of these and other numerous cases primarily on the ground that the language "during the commission of the current offense" must mean that there "is *another* offense to which the arming attaches." We cannot agree. Giving the statutory language its "ordinary and usual meaning" (*Aleman v. Airtouch Cellular* (2012) 209 Cal.App.4th 556, 568), we agree with the *Osuna* court that the word "during" means "'throughout the continuance or course of' or 'at some point in the course of.' [Citation.]" (*Osuna*, *supra*, 225 Cal.App.4th at p. 1032.) Thus, as set forth above, the statutes require only "a temporal nexus between the arming and the underlying felony, not a facilitative one." (*Ibid*.) The arming need not be tethered to a separate underlying offense. (*Id*. at p. 1034.) Because that is what the trial court found here, it follows that defendant is ineligible for resentencing.

**DISPOSITION**

The order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
          ASHMANN-GERST


We concur:


_____, P. J.
      BOREN


_____, J.
      CHAVEZ