Filed 9/20/21  P. v. Renteria CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>LUIS RENTERIA,<br><br>  Defendant and Appellant. | B304530<br><br>(Los Angeles County<br>Super. Ct. No. A041259) |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, James D. Otto, Judge.  Affirmed.

Waldemar D. Halka, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Amanda V. Lopez and Douglas L. Wilson, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

A jury in 1990 convicted Luis Renteria of second degree murder and conspiracy to commit murder. In 2019 Renteria petitioned for resentencing under Penal Code section 1170.95.[1] After appointing counsel and holding an evidentiary hearing, the superior court denied the petition, ruling Renteria was not entitled to relief as a matter of law because his conspiracy conviction necessarily meant Renteria intended to kill the victim, Andy Velasquez, and, alternatively, the evidence at trial was sufficient for the jury to have found Renteria guilty of murder beyond a reasonable doubt under sections 188 and 189 as amended by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437), effective January 1, 2019.

On appeal Renteria contends, to the extent the superior court denied his petition based on his failure to make a prima facie showing he was entitled to relief, the court erred in considering the record of conviction to refute the allegations in his verified petition. He also contends, even if the record of conviction could be considered, the court improperly based its decision on information in a probation officer's report. To the extent his petition was denied based on evidence presented at the hearing, Renteria contends the court applied an incorrect substantial evidence standard of proof and he was entitled to a jury trial on any new facts or theories of liability presented by the prosecutor. Because the record of conviction establishes Renteria is ineligible for resentencing as a matter of law, any errors committed by the superior court were harmless. We affirm.

---

[1]     Statutory references are to this code.

**FACTUAL AND PROCEDURAL BACKGROUND**

1. *Renteria's Trial for Murder*

Our opinion affirming Renteria's judgment of conviction describes the evidence presented at trial and the jury's verdict. (*People v. Renteria* (Apr. 9, 1992, B056051) [nonpub. opn.].)

Renteria's cousin was killed in a gang shooting on August 27, 1988. Renteria, upset about his cousin's death, believed the Harbor City criminal street gang was responsible for the shooting. Renteria told a former girlfriend he and his friends were going to retaliate.

One of Renteria's confederates, Augustine Rosas, called several of their friends and went to Renteria's place of business to organize a "pay back." Renteria was reluctant, but Rosas persuaded him it was his duty as a family member to participate in the response to his cousin's death. Rosas and two other men drove to Harbor City in a white truck. Renteria drove in a red car.

While driving around in Harbor City in the early morning of August 28, 1988, Rosas saw, parked in a lot, a white van he believed had been involved in the shooting death of Renteria's cousin. Several men, including gang members, were standing in the lot. According to Rosas, the people in the parking lot started firing weapons; and he and the others in the truck fired back, hitting one man. According to witnesses in the parking lot, the men in the white truck and red car fired at them without provocation. Someone in the truck or car shouted "Wilmas" at the time of the shooting.[2] Velasquez, who was talking to people in the lot, was killed by a gunshot to the chest.

---

[2]     The West Side Wilmas and East Side Wilmas are criminal street gangs. (See *Satele v. Superior Court* (2019) 7 Cal.5th 852,

In an information filed December 13, 1988 Renteria and Rosas were jointly charged with Velasquez's murder (§ 187) with special allegations as to Renteria that a principal had been armed with a firearm (§ 12022, subd. (a)) and as to Rosas that he had personally discharged a firearm from a vehicle causing great bodily injury or death (§ 12022.55). Pursuant to a negotiated agreement, Rosas pleaded no contest to voluntary manslaughter and admitted a firearm-use allegation under section 12022.5. The information was subsequently amended to charge Renteria with conspiracy to commit murder (§ 182, subd. (1)) and second degree murder, again with a principal-armed enhancement allegation. The conspiracy count alleged three overt acts: Renteria armed himself with a .22 caliber gun; Renteria drove to Harbor City; and Renteria or one of his coconspirators shot and killed Velasquez.

The jury convicted Renteria of conspiracy to commit a crime, rejecting the overt act allegation that Renteria had armed himself with a .22 caliber gun but finding the other two overt act allegations true. The jury also found Renteria guilty of second degree murder and found true a principal had been armed with a firearm during the commission of the offense. Renteria was sentenced to an aggregate indeterminate state prison term of 16 years to life.

We affirmed the judgment on appeal, rejecting Renteria's claims of instructional and evidentiary error. (*People v. Renteria*, *supra*, B056051.) Renteria did not challenge the sufficiency of the evidence to support either the murder or the conspiracy conviction.

---

856 [West Side Wilmas]; *People v. Gomez* (2018) 6 Cal.5th 243, 262 [East Side Wilmas].)

4

### 2. *Renteria's Section 1170.95 Petition for Resentencing*

On February 13, 2019 Renteria, representing himself, filed a petition for resentencing under section 1170.95 and requested the court appoint counsel to represent him in the resentencing proceedings. Renteria checked several boxes on the printed form petition establishing his eligibility for resentencing relief, including the boxes stating he had been convicted of murder under the felony-murder rule or the natural and probable consequences doctrine and could not now be convicted of first or second degree murder because of changes made to sections 188 and 189 by Senate Bill 1437.

The court appointed counsel to represent Renteria (the attorney who was already representing Renteria in connection with a hearing to be held pursuant to *People v. Franklin* (2016) 63 Cal.4th 261) and ordered briefing pursuant to section 1170.95, subdivision (c). The district attorney filed two opposition memoranda, one arguing Senate Bill 1437 and section 1170.95 were unconstitutional; the second asserting Renteria was ineligible for resentencing as a matter of law because the record of conviction demonstrated he was a direct aider and abettor of Velasquez's murder who had acted with an intent to kill, as established by his conviction for conspiracy to commit murder. The memorandum contending Renteria was ineligible for resentencing attached as exhibits a probation officer's report and the reporter's transcript of Renteria's sentencing hearing.

Renteria, through his counsel, responded to the prosecutor's constitutional arguments. Several months later, Renteria filed his own supplemental memorandum in support of the merits of his resentencing petition. Renteria attached as exhibits a number of pages from the reporter's transcript of his

5

trial; several of the jury instructions, including CALJIC No. 3.02, the standard instruction on the natural and probable consequences doctrine; and the jury's verdict forms finding Renteria guilty of conspiracy to commit a crime, as charged in count I of the information, and second degree murder, as charged in count II of the information, with a true finding a principal in the offense had been armed with a firearm.

At the *Franklin* hearing on October 3, 2019 the court indicated it would review the section 1170.95 briefing and determine whether to issue an order to show cause.

At a hearing on January 16, 2020 the court stated the matter "is here for an O.S.C. regarding resentencing" and noted the People had the burden of proving Renteria's ineligibility for relief.[3]  After hearing argument of counsel the court denied the petition.  Explaining its decision, the court stated, "First of all, I think based on the record of the conviction, it's clear that the defendant does not qualify.  In fact, there's not even a prima facie case made that he qualifies because a jury convicted him of conspiracy to commit murder, which requires a jury to make a finding that he had an intent to commit murder."  In addition, the court ruled, "even if we got beyond that, the evidence that went to the jury is sufficient for the defendant to be convicted beyond a reasonable doubt even under the amended statute, given the fact the jury found beyond a reasonable doubt that he had the intent to commit murder and he was present and he

---

[3]     Renteria, who had been released on parole, was present at the hearing with his counsel.  Before addressing the merits of Renteria's petition, the prosecutor withdrew the argument Senate Bill 1437 and section 1170.95 are unconstitutional.

6

was—had a motive, was—bragged about the killing, even indeed admitted he—that both he and others killed the victim."

Renteria filed a timely notice of appeal.

## DISCUSSION

1. *Senate Bill 1437 and the Section 1170.95 Petition Procedure*

Senate Bill 1437 substantially modified the law relating to accomplice liability for murder, eliminating the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Gentile* (2020) 10 Cal.5th 830, 842-843 (*Gentile*)) and significantly narrowing the felony-murder exception to the malice requirement for murder. (§§ 188, subd. (a)(3), 189, subd. (e)(3); see *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) It also authorized, through new section 1170.95, an individual convicted of felony murder or murder based on the natural and probable consequences doctrine to petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if he or she could not have been convicted of murder because of Senate Bill 1437's changes to the definition of the crime. (See *Lewis*, *supra*, 11 Cal.5th at p. 957; *Gentile*, at p. 843.)

If the section 1170.95 petition contains all the required information, including a declaration by the petitioner that he or she was convicted of murder and is eligible for relief (§ 1170.95, subd. (b)(1)(A)), section 1170.95, subdivision (c), requires the court to appoint counsel to represent the petitioner, if requested; to direct the prosecutor to file a response to the petition and permit the petitioner to file a reply; and to determine if the petitioner has made a prima facie showing that he or she is entitled to relief. (See *Lewis*, *supra*, 11 Cal.5th at pp. 962-963.)

7

In determining whether the petitioner has carried the burden of making the requisite prima facie showing he or she falls within the provisions of section 1170.95 and is entitled to relief, the superior court properly examines the record of conviction, "allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, *supra*, 11 Cal.5th at p. 971.) Appellate opinions "are generally considered to be part of the record of conviction." (*Lewis*, at p. 972.)[4]

The prima facie inquiry under subdivision (c), however, "is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause. . . . However, if the record, including the court's own documents, contain[s] facts refuting the allegations made in the petition, then the court is justified in making a credibility determination adverse to the petitioner." (*Lewis*, at p. 971, internal quotation marks omitted; see *People v. Daniel* (2020) 57 Cal.App.5th 666, 675, review granted Feb. 24, 2021, S266336 [any error in denying petition at prima facie stage without

---

[4] While approving use of an appellate opinion as part of the petitioner's record of conviction when evaluating whether a prima facie showing has been made under section 1170.95, subdivision (c), the *Lewis* Court cautioned, "[T]he probative value of an appellate opinion is case specific, and 'it is certainly correct that an appellate opinion might not supply all answers.'" (*Lewis*, *supra*, 11 Cal.5th at p. 972.)

appointing counsel is harmless if the record of conviction "conclusively demonstrates" petitioner is ineligible for relief].)

If the section 1170.95, subdivision (c), prima facie showing has been made, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the murder conviction and resentence the petitioner on any remaining counts. (§ 1170.95, subd. (d)(1).) At the hearing the prosecution has the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing. (§ 1170.95, subd. (d)(3); *People v. Rodriguez* (2020) 58 Cal.App.5th 227, 230, review granted Mar. 10, 2021, S266652; *People v. Lopez* (2020) 56 Cal.App.5th 936, 949, review granted Feb. 10, 2021, S265974; but see *People v. Duke* (2020) 55 Cal.App.5th 113, 123, review granted Jan. 13, 2021, S265309.) The prosecutor and petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens. (See *Gentile, supra,* 10 Cal.5th at pp. 853-854; *People v. Drayton* (2020) 47 Cal.App.5th 965, 981.)

2. *The Record of Conviction Establishes Renteria Is Ineligible for Resentencing as a Matter of Law*

The trial court instructed Renteria's jury with CALJIC No. 3.02, permitting Renteria to be convicted of murder under the natural and probable consequences doctrine—a now-invalid theory of accomplice liability for murder—if Renteria knowingly and intentionally aided and abetted a "crime originally contemplated" by his confederates and Velasquez's murder "was a natural and probable consequence of such originally contemplated crime." (No "originally contemplated" or target

9

crime was identified in the instruction.)[5]  As discussed, however, in addition to finding Renteria guilty of murder, the jury also convicted Renteria of conspiracy to commit a crime (expressly defined as the murder of Velasquez), which necessarily means the jury found he had acted with the intent to kill—express malice—in connection with Velasquez's death:  "[C]onspiracy is a specific intent crime requiring an intent to agree or conspire, and a further intent to commit the target crime, here murder, the object of the conspiracy.  Since murder committed with intent to kill is the functional equivalent of *express malice* murder, conceptually speaking, no conflict arises between the specific intent element of conspiracy and the specific intent requirement for such category of murders.  Simply put, where the conspirators agree or conspire with specific intent to kill and commit an overt act in furtherance of such agreement, they are guilty of conspiracy to commit express malice murder."  (*People v. Swain* (1996) 12 Cal.4th 593, 602; see *People v. Johnson* (2013) 57 Cal.4th 250, 257 ["'[a]

---

[5]  As discussed, CALJIC No. 3.02 was among the jury instructions Renteria attached as exhibits to this supplemental memorandum in the superior court in support of the petition.  Both Renteria and the Attorney General have asked that we include portions of the appellate record from *People v. Renteria, supra*, B056051, in the record on appeal in the case at bar, including the clerk's transcript containing the full set of jury instructions given at Renteria's trial.  We granted those requests (Cal. Rules of Court, rule 8.340(c)) and properly consider the jury instructions, part of the record of conviction, in assessing whether Renteria established a prima facie case for relief under section 1170.95, subdivision (c).  (See *Lewis, supra*, 11 Cal.5th at p. 971; see also *People v. Soto* (2020) 51 Cal.App.5th 1043, 1055, review granted Sept. 23, 2020, S263939 [jury instructions are part of the record of conviction].)

conviction of conspiracy requires proof that the defendant and another person had the specific intent to agree or conspire to commit an offense, as well as the specific intent to commit the elements of that offense, together with proof of the commission of an overt act'"].)

Renteria's jury was fully instructed on the elements of murder, including the definitions of "malice aforethought" and "express" malice, and as to the conspiracy count pursuant to CALJIC No. 6.10 that, "A conspiracy is an agreement entered into between two or more persons with the specific intent to agree to commit the public offense of murder and with the further specific intent to commit such offense, followed by an overt act committed in this state by one or more of the parties for the purpose of accomplishing the object of the agreement." The express malice requirement was reiterated in CALJIC No. 3.31, "[T]he crime of conspiracy requires the specific intent to agree and to commit murder." Significantly, the prosecutor withdrew a request for, and the court did not instruct with, CALJIC No. 6.11 that a member of a conspiracy is liable for the natural and probable consequences of any act of a coconspirator to further the object of the conspiracy. Accordingly, even if not the actual shooter, based on the jury's necessary findings Renteria remains liable for Velasquez's murder as a direct aider and abettor under amended sections 188 and 189, making him ineligible for resentencing relief. (Cf. *People v. Beck and Cruz* (2019) 8 Cal.5th 548, 645 ["Beck and Cruz were charged with conspiracy to *murder*, not conspiracy to commit a lesser crime that resulted in murder. There is thus no possibility they were found guilty of murder on a natural and probable consequences theory"].)

Renteria disputes this conclusion, noting he was convicted in 1990 and arguing, before the Supreme Court's decisions in *People v. Cortez* (1998) 18 Cal.4th 1223 and *People v. Swain*, *supra*, 12 Cal.4th 593 (in 1996), it was not clear a conviction for conspiracy to murder required a mental state equivalent to deliberation and premeditation. (See, e.g., *Swain*, at p. 607.) Specifically, he contends "the jury could have concluded that Renteria conspired to commit heat of passion voluntary manslaughter and that second degree murder was a natural and probable consequence of that crime."

Renteria's abbreviated reference to the evolution of the law of conspiracy to commit murder, even if generally accurate,[6] is irrelevant in this case. The jury was instructed that a guilty verdict on the charge of conspiracy to commit murder required proof beyond a reasonable doubt that Renteria specifically intended to commit murder—express malice. In addition, as this court explained when disagreeing with one of Renteria's contentions of instructional error in his direct appeal, in finding Renteria guilty of second degree murder and not voluntary

---

[6] In *People v. Horn* (1974) 12 Cal.3d 290 the Supreme Court held, under a former version of section 182 prescribing the punishment for conspiracy, the jury was required to determine which felony the defendants had conspired to commit and, "if that felony is divided into degrees, which degree of the felony they conspired to commit." (*Horn*, at p. 297.) *Horn* was expressly disapproved in *People v. Cortez, supra*, 18 Cal.4th 1223, which held, "[A]ll conspiracy to commit murder is necessarily conspiracy to commit premeditated and deliberated first degree murder, and . . . all murder conspiracies are punishable in the same manner as murder in the first degree pursuant to the punishment provisions of Penal Code section 182." (*Cortez*, at pp. 1237-1238.)

manslaughter, the jury necessarily rejected Renteria's evidence of provocation and heat of passion. Moreover, because it was not instructed with CALJIC No. 6.11 concerning a coconspirator's liability for unintended acts committed in furtherance of the conspiracy, the jury simply had no basis to find Renteria guilty of both murder and conspiracy to murder without also finding he acted with the intent to kill.

### 3. *None of Renteria's Other Contentions Requires Reversal of the Order Denying His Petition*

We agree with Renteria a probation officer's report is not properly considered part of the record of conviction and should not have been considered by the superior court when deciding whether he had made a prima facie case for section 1170.95 relief. (See *People v. Burnes* (2015) 242 Cal.App.4th 1452, 1458 ["[a] probation report 'ordinarily is not part of the record of conviction'"]; *People v. Oehmigen* (2014) 232 Cal.App.4th 1, 5 [same].) We also agree at an evidentiary hearing pursuant to section 1170.95, subdivision (d), after issuance of an order to show cause, the People must prove every element of liability for murder under amended sections 188 and 189 beyond a reasonable doubt, as this court held in *People v. Rodriguez, supra*, 58 Cal.App.5th at page 230, review granted, not simply that substantial evidence would support a finding of guilt beyond a reasonable doubt, as the superior court ruled and as held in *People v. Duke, supra*, 55 Cal.App.5th 113, review granted. Both of these errors are necessarily harmless, however, in light of the undisputed fact that Renteria was convicted of conspiracy to commit murder, which, together with the jury instructions from his trial, established his ineligibility for relief as a matter of law.

13

Renteria's additional argument he is entitled under the Sixth Amendment to a jury trial on any new facts or theories of liability asserted in opposition to his section 1170.95 petition is equally unavailing. As this court explained in *People v. Lopez* (2019) 38 Cal.App.5th 1087, 1114-1115, review granted November 13, 2019, S258175, "'[T]he retroactive relief [petitioners] are afforded by Senate Bill 1437 is not subject to Sixth Amendment analysis. Rather, the Legislature's changes constituted an act of lenity that does not implicate defendants' Sixth Amendment rights.'" (Accord, *People v. Lopez, supra,* 56 Cal.App.5th at p. 958, review granted ["'the Sixth Amendment does not prohibit trial courts from relying on facts not found by a jury in determining' section 1170.95 eligibility"]; *People v. Howard* (2020) 50 Cal.App.5th 727, 740; *People v. Anthony* (2019) 32 Cal.App.5th 1102, 1156; see *People v. Perez* (2018) 4 Cal.5th 1055, 1063-1064 [trial court may determine facts based on new evidence regarding the petitioner's eligibility for resentencing under Proposition 36 because retroactive application of the benefits from the proposition are a legislative act of lenity that does not implicate Sixth Amendment rights: "a factual finding that results in resentencing ineligibility does not increase the petitioner's sentence; it simply leaves the original sentence intact"].)

## DISPOSITION

The postjudgment order denying Renteria's motion for resentencing under section 1170.95 is affirmed.



PERLUSS, P. J.


We concur:



SEGAL, J.



FEUER, J.